## CARTER & FORD *v.* GRIFFIN.

When it appears that one of the two magistrates of a militia district rendered a judgment in a case pending in the other's court, and there is nothing to show whether the latter was or was not disqualified to try such case, it will not, even if it be the law that one of such magistrates can properly preside in the other's court only when he is disqualified, be presumed that the magistrate who rendered such judgment usurped authority which he could not lawfully exercise.

Submitted May 8, — Decided May 25, 1901.

Levy and claim. Before Judge Bennet. Coffee superior court. August 15, 1900.

Execution which issued from a judgment of a justice's court was proceeding, and a claim was interposed. When t e execution was offered in evidence at the trial, it was objected to on the ground that the record showed that the original summons in the suit in which the judgment was rendered was issued by Heriot, J. P., and that Pafford, N. P. & ex-off. J. P., by whom the judgment was signed, was not authorized to preside in the case and enter judgment, it not appearing that Heriot and the parties consented to such a proceeding, nor that Heriot was disqualified or refused to serve, nor that his term had expired. The trial court ruled that the judgment was void, which ruling was sustained on certiorari; and the plaintiffs excepted.

*R. A. Hendricks*, for plaintiffs.

*B. T. Allen* and *F. W. Dart*, contra.

LUMPKIN, P. J. This case turns upon the ruling announced in the headnote. Section 4072 of the Civil Code provides that, "When a justice of the peace is disqualified from presiding, and there is no other justice of the peace in his district who is qualified, any justice of the peace of the county is qualified to issue all process and to preside in his district." By the clearest implication, one magistrate in a given militia district may preside in the court of the other magistrate thereof, if the latter is for any reason disqualified. This section is silent as to whether one magistrate can lawfully preside in the court of the other magistrate of the district when he is not disqualified; and, so far as we have been able to discover, there is no statutory provision bearing upon this precise question. Without undertaking now to decide it, and conceding for the sake of the argument that one magistrate can not sit for another in the same district when he is not disqualified, we shall confine our discussion to the inquiry: what view should be taken of a case in which it is shown that a magistrate in a particular district rendered a judgment in the court of the other magistrate thereof, and nothing as to disqualification appears? In such a case it should, we think, be taken for granted that the magistrate rendering the judgment had authority to do so. There is a presumption of law that all officials do their duty; and unless in a given instance this presumption be

in some way rebutted, it will prevail.    It being certain that a magistrate may sit for a brother magistrate in the same district when the latter is disqualified, the mere fact that the former does preside in a particular case does not and can not, of itself alone, furnish any ground for the conclusion that, in so presiding, he unlawfully sat in a court over which he had no authority to preside. Accordingly, a judgment rendered by him in a case pending in the court of his fellow-magistrate is not, under such circumstances as those indicated above, to be regarded as void upon its face.

*Judgment reversed.    All the Justices concurring.*