9056.  SMITH v. CITY OF WINDER et al.

WADE, C. J.  1. The charter of the City of Winder (Acts of 1893, p. 223)
authorizes its mayor and council "to make, ordain and establish' from
time to time such by-laws, ordinances, resolutions, rules and regula-
tions as shall appear to them necessary and proper for the good govern-
ment, security, welfare, and interest of said City of Winder and the
inhabitants thereof," etc.
(a) An ordinance duly adopted which named a certain bank in the City
of Winder as the city depository, and a further ordinance providing that
the treasurer and other officials of said city should deposit funds be-
longing to the municipality in the designated city depository, to be
there kept until properly checked out by legal vouchers, and providing
that the treasurer, clerk, or other city official holding funds of said
city who should fail or refuse to comply with this requirement should
be removed from office by the mayor and council after the fact of such
failure or refusal should have been established, was not void because
ultra vires.  The broad general authority conferred by the charter suffi-
ciently authorized the passage of an ordinance apparently designed to
safeguard the property of the city.  See, in this connection, City of At-
lanta v. Holliday, 96 Ga. 546, 553 (23 S. E. 509).

2. The charter of the City of Winder (Acts of 1893, supra), provides that
the mayor and council shall elect a city treasurer and other officers
whose compensation shall be fixed by the mayor and council and "whose
duties shall be prescribed by ordinance," and that they shall each hold
"his office for one year, or until his successor is elected and qualified,
unless removed for causes to be judged of by the mayor and aldermen."
While the treasurer was elected for a fixed term, this term might be
terminated at any time "for causes to be judged of by the mayor and
aldermen," and the cause of removal having been so "judged of" and
appearing to be reasonable in this case, it is unnecessary to determine
whether it was within the power of the mayor and council to remove
such officer at their pleasure only, and without reasonable cause.

3. The petition for certiorari itself shows that the treasurer refused to
obey the ordinance requiring him to deposit city funds in a named
bank, though duly notified thereof in writing; that he was cited and
appeared before the council; that the ordinances naming a city deposi-
tory, and providing a penalty of removal for refusal to obey the same,
were read to him, and he was requested to answer if he had obeyed
the same, and he replied that he had not obeyed and did not intend to
obey, because he had been advised and believed that the said ordinances
were void and that he had the right to deposit the funds of the munici-
pality where he pleased.  If the ordinances were valid, the open in-
subordination of the treasurer and his positive and formal refusal to
comply therewith furnished abundant "cause" for the removal from
office in compliance with the last of the previously adopted ordinances.
See Parker v. Farlinger, 122 Ga. 315 (50 S. E. 98).

4. While it is improper and illegal for a member of a city council to vote
upon a question in which he is personally interested (Civil Code, § 900),

and a contract entered into between a municipality and a private corporation under which the latter is to perform certain work for which payment is to be made out of the city treasury "is void if at the time of its execution one of the members of the city council was also a stockholder in such private corporation" (*Hardy* v. *Gainesville*, 121 *Ga.* 327, 48 S. E. 921), an ordinance naming a certain bank as the city depository and requiring the treasurer of the city to place all the municipal funds coming into his hands therein is not necessarily void because the mayor of the city and one of the councilmen voting to adopt the ordinance were respectively officer and director of the bank named as depository, since it nowhere appears that any financial profit would result to said bank so named as depository, in which the mayor and council owned stock, or that any contract whatever was made between the city and the private corporation in which said city officials were interested whereby any benefit direct or indirect could or would reasonably accrue to said bank, the money to be placed therein being on demand and subject to immediate check. The presumption is in favor of the city officials and of the ordinances. See *Carter* v. *Griffin*, 113 *Ga.* 633, 634 (38 S. E. 946).

5. The judge of the superior court did not err in overruling the petition for certiorari.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*

DECIDED MAY 14, 1918.

Certiorari; from Barrow superior court—Judge Cobb. June 29, 1918.

*Rollin H. Kimball,* for plaintiff in error. *G. A. Johns,* contra.