22193. BINFORD et al. v. WESTERN ELECTRIC COMPANY, INC. et al.

Submitted September 11, 1963—Decided October 10, 1963— Rehearing denied November 7, 1963.

*Powell, Goldstein, Frazer & Murphy,* for plaintiffs in error.

*Greene, Neely, Buckley & DeRieux, Harold Sheats, Standish Thompson,* contra.

GRICE, Justice. This controversy is over an application to rezone residential property so as to authorize construction of an office building and parking facilities. Assigned as error is a ruling sustaining general demurrers to the petition opposing such rezoning and also a ruling dissolving a temporary restraining

order which had enjoined the issuance of a building permit and the construction.

The petition was by Harry A. Binford, Jr., Carl W. Franzman and Walter P. Walker, owners of properties adjoining that sought to be rezoned, against Western Electric Company, Inc., Guy Eaves, Chief Inspector, Fulton County Department of Public Buildings, Archie Lindsey, James Aldredge and Harold Mc-Cart, Commissioners of Roads and Revenues of Fulton County, and Fulton County itself, in the Superior Court of that county. In substance the petition made the material allegations hereinafter set forth.

The defendant Western Electric Company, Inc., filed an application with the Atlanta-Fulton County Joint Planning Board, seeking rezoning from "residential" to "apartment-office" of a described tract of land having a frontage of 1,851.8 feet on Roswell Road and a depth of 1,285 feet along Abernathy Road in Fulton County. All property abutting that sought to be rezoned was, when the application was filed, and is, zoned residential. After a hearing before that planning board, it recommended approval of the application to the defendants commissioners. Later, pursuant to a hearing before the commissioners, at which plaintiffs and numerous others opposed such application, the application was granted by a two-to-one vote. It is the declared intention of Western Electric to construct on this property an office building and parking lot of an unknown size and structure but sufficient to provide office space and parking for at least one thousand employees. Title to the property was not vested in Western Electric when it filed its application for rezoning, or when either of the two hearings was held.

The grant of the application for rezoning by the commissioners is null, void and of no effect, the petition avers, for the following reasons: (1) Under the commissioners' resolution, Western Electric, not being the owner of the property it sought to have rezoned, had no standing before the planning board or the commissioners; (2) Section 9 of Georgia Laws 1952, p. 2689, under authority of which the commissioners purported to act, violates the due process clauses of the Federal and State Constitutions in that it fails to provide for judicial review; (3) the commis-

sioners, prior to the hearing before the planning board, publicly declared that they favored Western Electric's application and, having prejudged the issues, were disqualified from hearing them; and (4) such 1952 statute does not confer power to "spot" zone and remove a small tract from residential to business or commercial purposes, and such rezoning was unreasonable and arbitrary.

Unless enjoined, the defendant Chief Inspector will issue to Western Electric a permit authorizing construction of an office building and parking lot, and Western Electric will construct them. Plaintiffs' homes will depreciate in value if that happens.

Plaintiffs' prayers for relief included temporary restraint and permanent injunction against the Chief Inspector's issuance of a building permit to Western Electric and against the latter's beginning any construction on such property; declaration that any action taken by the commissioners purporting to rezone as hereinbefore described is null, void and of no effect; declaration that Section 9 of Georgia Laws 1952, p. 2689, is unconstitutional; and for general relief.

The trial court sustained two grounds of Western Electric's general demurrer to the foregoing petition, sustained its motion to dissolve the restraining order above referred to, and also sustained two similar grounds of general demurrer of the other defendants.

■ We now deal with the four attacks on the action complained of, and thus test the sufficiency of the petition in the face of the general demurrers.

(a) The plaintiffs' contention that Western Electric had no standing to seek rezoning because it did not own the property in question at the time it filed the rezoning application or at the time of either of the two hearings is not meritorious.

The basis for that contention is a resolution adopted by the commissioners. It provided in part that "A proposed change of district or of text may be initiated by the Atlanta-Fulton County Joint Planning Board, the Commissioners of Roads and Revenues, or by an application filed with the Atlanta-Fulton County Joint Planning Board, by one or more *owners* of property within the area proposed to be changed . . ." (Emphasis

ours.) Plaintiffs contend that this language authorizes initiation of zoning changes only by those parties named and that Western Electric, not coming within them, had no standing to make such application.

That position is not maintainable in view of Georgia Laws 1952, p. 2689, supra, which establishes the procedure for what occurred here. Section 9 of that Act provides that "All proposals to amend or modify any portion of the comprehensive plan or zoning resolution, whether proposed by the authorities in charge of county affairs, by the planning commission, by a property owner, *or otherwise*, shall be filed with the planning commission, which shall proceed to hold a public hearing thereon, after notice to interested parties. . ." (Emphasis ours.)

Thus, the General Assembly in providing for the procedure for zoning changes, did not restrict initiation of such changes to the commissioners, the planning board or owners of the particular property. The General Assembly added "or otherwise" and then required notice to "interested parties," thereby evidencing an intention that such proposals to amend or modify might also be made by others having a legitimate interest. If any conflict exists between the statute and the resolution, the statute must control.

Here, the petition only alleges that Western Electric was not the "owner" of the property. It does not allege that it did not have any interest in the property or in the outcome of the rezoning proposal. In fact, the petition negatives lack of interest by Western Electric; it alleges that "It is the declared intention of the defendant Western Electric" to construct an office building and parking lot on the property.

(b) The plaintiff's contention that Section 9 of Georgia Laws 1952, p. 2689, supra, is unconstitutional as a denial of due process because of lack of provision for judicial review of the commissioners' decisions in rezoning matters is likewise not meritorious.

This contention was rejected in *Kirkpatrick v. Candler*, 205 Ga. 449, 456 (53 SE2d 889) (one Justice dissenting and another disqualified). The 1943 Act dealt with there contained material provisions identical with those in this 1952 Act and was held

to provide judicial review. The later case of *Toomey v. Norwood Realty Co., Inc.*, 211 Ga. 814 (89 SE2d 265), relied upon by the plaintiffs, did not decide this question.

(c) The plaintiffs' contention that the action of the commissioners was void because they were disqualified by reason of their having prejudged the issues, as evidenced by their public announcement prior to the hearings that they favored the rezoning, thus denying plaintiffs a fair and impartial hearing, is also not maintainable. While open mindedness in considering matters of a public nature is certainly to be desired, these allegations, if proven, would not, under the authorities, void the action taken here. See *Tibbs v. City of Atlanta*, 125 Ga. 18 (2) (53 SE 811); *Beavers v. Armistead*, 156 Ga. 833 (5) (120 SE 526).

(d) The plaintiffs' remaining contention, that the action of the commissioners constituted "spot" zoning, and was arbitrary, unreasonable, ultra vires and void, is controlled adversely to them by Sections 9 and 11 of the Act approved February 15, 1952 (Ga. L. 1952, p. 2689, supra). Section 11 provides the county governing authorities with zoning powers which authorize the zoning here. See in this connection, *Vulcan Materials Co. v. Griffith*, 215 Ga. 811 (114 SE2d 29) (one Justice dissenting). The cases relied upon by the plaintiffs involve other statutes which contain no such sweeping delegation of authority as the one here, and hence are not applicable.

Since none of the contentions made constitutes any basis for declaring void the action complained of, the petition failed to set forth a cause of action and was properly dismissed on the general demurrers of the defendants.

■ The second assignment of error, on an order dissolving the temporary restraining order previously granted, is not subject to review. *Harper v. Mayes*, 209 Ga. 361 (72 SE2d 710); *Reardon v. Bland*, 206 Ga. 633 (6) (58 SE2d 377).

For the reasons stated in the first division of this opinion, the judgments sustaining the general demurrers of the defendants are affirmed.

*Judgment affirmed. All the Justices concur.*