24141. PRITCHETT v. VICKERY et al.

ARGUED JUNE 14, 1967—DECIDED JULY 11, 1967.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, George B. Haley, Jr.,* for appellant.

*Davis & Stringer, Robert H. Stringer, Robert L. Foreman, Jr., Jones, Bird & Howell, George P. Dillard,* for appellees.

GRICE, Justice. This controversy is over the rezoning and use for commercial purposes of property located in a residential subdivision.

The litigation began when Joseph Henry Pritchett, Sr., and another person no longer a party, filed in the Superior Court of DeKalb County a petition against Eugenia Bird (Mrs. H. G.) Vickery, Humble Oil Company and M. A. Smith. The petition sought to enjoin the use of Mrs. Vickery's property by her or by Humble for a gasoline service station or office building, and also to enjoin the issuance of a building permit for such uses by Smith, the chief inspector of the county.

Basically, the petition alleged that Mrs. Vickery's property is subject to a restrictive covenant prohibiting, at least until 1970, any use except single family residential; that she is about to sell the property to Humble for the commercial purposes above stated; that upon her application it has been rezoned by the county from single family residential to local commercial so as to allow such use; that the rezoning was invalid because of lack of fact finding by the planning commission, because of defective notice of the proposed rezoning, and because it was "spot zoning"; and that such proposed use will damage the plaintiff's property, which is located nearby in the same subdivision.

The defendants Vickery and Humble in their answer denied the material allegations of the petition. They asserted that the restrictive covenant relied upon by the plaintiff was amended or modified by a plat so that it expired January 1, 1965, before this suit was filed. They sought, in addition to other relief not necessary to state here, a judgment granting free use of Mrs. Vickery's property and declaring the restrictions terminated and void, removal of the cloud upon her property, and injunction against the plaintiff's proceeding against her on the issue of validity and existence of the restrictions. The defendant Smith's answer asserted that he has no discretion in issuing building permits if the applicants comply with the law, rules and regulations relating thereto.

By agreement, the case proceeded to trial before the judge without a jury, and he entered judgment which, in material part, provided as follows: that the restrictive covenant in question expired on January 1, 1965, and is therefore null, void and of no effect; that the defendant Vickery's property is free of the same and any cloud upon her title created by it is removed; that the rezoning of her property is valid and of full force and effect; that the construction of a service station on her property is not in violation of any restrictive covenant or zoning law, and will not diminish or damage the values of the surrounding properties; and that all of the relief prayed by the plaintiff is denied.

Enumerated as error are the essential features of the foregoing judgment, besides admission of certain affidavits and oral evidence.

Before proceeding to determine the issues over the restrictive covenant and the rezoning, it should be pointed out that Mrs. Vickery owns lots 1 and 2, block 2, of the subdivision of the Samuel E. McConnell Estate in DeKalb County, and that the plaintiff owns lot 12, block 1 thereof. Only lot 1 of Mrs. Vickery's property is claimed by the plaintiff to remain restricted. However, both her lots, 1 and 2, are the subject matter of the rezoning action involved here.

■ Turning now to the restrictive covenant feature, we refer in chronological order to those documents we deem relevant.

On January 15, 1942, Owen C. McConnell acquired by warranty deed from other members of his family fee simple title to lot 1, block 2, above referred to.

On March 5, 1942, he executed an instrument reciting that he was the owner of certain lots of the McConnell property, including those now owned by the plaintiff and by the defendant Vickery, according to a plat recorded in plat book 12, page 139, DeKalb County records. He then declared that this property would be subject to certain restrictive covenants, among them that all such lots shall be used only for single family residential building purposes, and that such "covenants are to run with the land and shall be binding on all parties and all persons claiming under him [sic] until *January 1, 1970,*" with automatic renewal for successive 10 year periods unless changed by a majority of the then owners of the lots. (Emphasis supplied.) This declaration was recorded in deed book 561, page 371 of the DeKalb County records on March 11, 1942.

McConnell also caused to be recorded on March 11, 1942, in plat book 12, page 139 of the DeKalb County records, a plat showing lot 1 in block 2 and contiguous lots of such McConnell property. On the plat the following recital appears: "All lots in the subdivision shown on this plat are made subject to the restrictive covenants set out in . . . [the above declaration by McConnell]. All building lines shown on this plat are to be respected; all of said restrictive covenants are to remain in full force and effect until *Jan-1-1965.* This March 6th 1942. This plat approved March 6th 1942." (Emphasis supplied.) Then follows the signature of Scott Candler "as Commissioner of Roads

and Revenues, DeKalb Co. Ga." At the bottom of the plat is the signature of Owen C. McConnell, with the word "Developer."

Later in March 1942 (the day being left blank but recited in a later conveyance as March 16), McConnell executed to H. G. Vickery a warranty deed to property "known as Lot One (1), Block Two (2) . . . as per plat recorded in Plat Book 12, page 139, DeKalb County records, and more particularly described as follows: [giving metes and bounds]." This deed stated that "The above described property is conveyed subject to restrictions set out in . . . [the declaration by McConnell, referred to above]." This deed was duly recorded.

On September 23, 1943, Vickery conveyed this lot 1, block 2 to his wife, the defendant Vickery here. That deed described the lot as per plat above referred to, by metes and bounds, and as that conveyed by McConnell to him. No mention was made of restrictive covenants.

Subsequently, Mrs. Vickery acquired lot 2, block 2, and the plaintiff obtained lot 12, in block 1. None of the deeds in their respective chains of title to these lots mentions the declaration except by reference to the above mentioned plat, which provides that the restrictions in the declaration shall expire January 1, 1965.

As we view this record, the sole question is whether the restriction as to residential use of lot 1, block 2, is now in force, or whether it expired on January 1, 1965.

As to this issue, the plaintiff relies mainly upon the March 5, 1942, declaration of McConnell. His contention is that this declaration, which states the restriction involved here, recites that it "shall be binding until January 1, 1970," and that the deed to lot 1 block 2 from McConnell to Vickery, after identifying for descriptive purposes only the property "as per plat [recorded in plat book 12, page 139, above referred to]," stated that such property was conveyed subject to the declaration. He insists that this declaration cannot be varied or amended by the plat which refers to it and recites that such restrictions shall remain in full force and effect until 1965.

The defendant Mrs. Vickery, on the other hand, places chief reliance upon the plat approved on March 6, 1942. Although it

and McConnell's declaration of covenants were recorded the same day, the declaration bears date of March 5, 1942, while the plat's date is March 6. She maintains that the only purpose of the plat's statement, in affirming the restrictions recited in McConnell's declaration of covenants, that they were to be in full force and effect until January 1, 1965, was to modify and amend the January 1, 1970, expiration date given in the declaration dated the previous day. Therefore, the subsequent reference, in McConnell's deed to H. G. Vickery was to the declaration as modified or amended by this plat to expire on January 1, 1965. For the effectiveness of such plat as a restriction, she relies upon *Kilby v. Sawtell*, 203 Ga. 256 (3) (46 SE2d 117) (one Justice dissenting and one Justice not participating); and *Spencer v. Poole*, 207 Ga. 155 (2) (60 SE2d 371) (one Justice dissenting).

From our own study of the foregoing documents we find bases for these diverse contentions. It is not at all clear whether McConnell intended for the restrictive covenant in question to expire on January 1, 1965, or on January 1, 1970. It follows that the plaintiff has not carried the burden of proof required of him under the well established principle that "As a general rule, restrictions upon the use of private property are not favored, and any claim that there are restrictions upon such use must be *clearly established.*" *Richardson v. Passmore*, 207 Ga. 572 (63 SE2d 392), and citations. (Emphasis supplied.)

We therefore hold that the plaintiff has not shown any right to the relief sought as to the restrictive covenant.

■ Several enumerations of error relate to affidavits and oral testimony as to certain documents pertaining to the restrictive covenant involved in Division 1. Objections to this evidence were made at the trial upon grounds that the affidavits were not entitled in the cause and that they and the oral testimony were opinion evidence as to the effect of the documents. None of such evidence complained of in these enumerations could have been harmful to the plaintiff. As ruled in Division 1, the terms of the documents themselves required the judgment.

■ Finally, we consider three attacks made by the plaintiff upon the rezoning of lots 1 and 2, block 2, of Mrs. Vickery's property.

(a)   Complaint is made that the rezoning was void because there was no evidence before the planning commission and no finding by it that such rezoning would not adversely affect abutting residential property, or present safety or traffic problems, or that there was a need for the proposed use. This is not a valid complaint. *Horras v. Williams,* 219 Ga. 115 (132 SE2d 68).

(b)   It is contended that such rezoning was invalid because the notice of public hearing by the Planning Commission stated that the property was sought to be rezoned for a service station, whereas the application and approval were for a service station and an office building. This contention is not meritorious. Although the application in the record recites the proposed use as a "service station," the minutes of both the planning commission and the commissioners of roads and revenues show the proposed use to be a service station and an office building and that this was open for free discussion. The plaintiff was present at both hearings and made no objection upon this ground. Therefore, he is deemed to have waived it. See 101 CJS 1020-1021, Zoning, § 257; 8A McQuillin, Municipal Corporations, p. 213, § 25.261.

(c)   It is also urged that such action constitutes "spot zoning" and is therefore invalid. That contention cannot be maintained. This court has held such rezoning valid in cases involving Fulton County (*Vulcan Materials Co. v. Griffith,* 215 Ga. 811 (114 SE2d 29) (one Justice dissenting); *Binford v. Western Electric Co.,* 219 Ga. 404, 408 (133 SE2d 361)), and there is nothing requiring a different result in the Act creating the DeKalb County Planning Commission. Ga. L. 1956, p. 3332 et seq.

We find no error in the disposition made by the trial court, and therefore its judgment is

*Affirmed. All the Justices concur, except Mobley and Undercofler, JJ., who dissent.*