24225. HAGOOD et al. v. HAMRICK, Member of Haralson County Board of Education, et al.

Sᴜʙᴍɪᴛᴛᴇᴅ Sᴇᴘᴛᴇᴍʙᴇʀ 12, 1967—Dᴇᴄɪᴅᴇᴅ Sᴇᴘᴛᴇᴍʙᴇʀ 21, 1967.

*C. C. Perkins*, for appellants.
*Howe & Murphy, Harold Murphy*, for appellees.

ALMAND, Presiding Justice. In the present case we review the order of the trial court sustaining a general demurrer to the appellants' petition seeking an injunction against the appellees.

George Hagood and five other named individuals, appellants, filed their petition against J. D. Hamrick and four other named individuals, appellees, as members of the Haralson County Board of Education and as Superintendent of the Haralson County School System. Appellants' petition alleged that in May 1965, with the appellee Arthur Abernathy presiding as chairman of the Haralson County Board of Education, the board passed a resolution consolidating the high schools of the county and subsequently passed other resolutions under which land was purchased and a lease agreement entered into with the Georgia State School Building Authority. The petition further alleged that all these acts of the board were null and void because appellee Abernathy had ceased to be a legal member of the board in 1963 before the adoption of these resolutions when he had moved his residence to Georgia Militia District 1143 of Haralson County where J. T. Williams, a member of said board, was then residing, and that under *Code Ann.* § 32-903 (Ga. L. 1965, p. 124) appellee Abernathy was no longer a member of the board.

The prayers of the petition were (a) that appellee Abernathy's seat on the board be declared vacant, (b) that he be restrained from acting as a member, (c) that all the acts of appellee Abernathy, as chairman of the board, since the removal of his residence to Georgia Militia District 1143, be declared null and void and, (d) that the purchase of certain property and the lease agreement with the Georgia State School Building Authority be declared illegal and void.

The seven general grounds of the appellees' demurrer were sustained and the case dismissed.

■ *Code* § 32-903, as amended by Ga. L. 1965, p. 124, dealing with the qualifications of members of a county board of education provides: "Whenever a member of the board of education moves his residence into a militia district where another member of the board resides, or into a district or municipality that has an independent local school system, the member changing his residence shall immediately cease to be on the board and the

vacancy shall be filled as required by law." However, *Code* § 89-501 (5) provides: "All offices in the State shall be vacated . . . 5. By the incumbent ceasing to be a resident of the State, or of the county, circuit, or district for which he was elected. In the first case the office shall be vacated immediately; in the latter cases, from the time the fact is judicially ascertained." A member of a county board of education is a county officer. *Stanford v. Lynch,* 147 Ga. 518 (1) (94 SE 1001). There is no allegation that a vacancy in the office held by appellee Abernathy has been judicially determined.

■ *Code* § 64-201 provides: "The writ of quo warranto may issue to inquire into the right of any person to any public office the duties of which he is in fact discharging, but must be granted at the suit of some person either claiming the office or interested therein." Equity will not interfere by injunction to determine the election of public officers or their title to public office, because the common law remedy of a proceeding in the nature of quo warranto is adequate. *Rogers v. Croft,* 203 Ga. 654 (3) (47 SE2d 739); *Coleman v. Glenn,* 103 Ga. 458, 462 (30 SE 297).

■ The appellee Abernathy's acts as a member of the Haralson County Board of Education were those of a de facto officer, and his acts as such are those of an officer de jure. *Hawkins v. Intendant &c. of Jonesboro,* 63 Ga. 527. "The acts of a de-facto officer are valid in so far as they affect the rights of the public and of third persons having an interest in the acts performed by such officer." *Godbee v. State,* 141 Ga. 515 (2) (81 SE 876).

Although a county board of education may consist in part of persons who are not legally qualified to hold the office as members, they are de facto in office and competent to act until ejected. *Smith v. Bohler,* 72 Ga. 546 (7). See also *Varnadoe v. Housing Authority of the City of Doerun,* 221 Ga. 467 (7) (145 SE2d 493), and *Tarpley v. Carr,* 204 Ga. 721 (1) (51 SE2d 638).

The court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*