24534. AGNEW v. CRUCE.

ARGUED MARCH 12, 1968—DECIDED APRIL 4, 1968.

*Duncan & Wall, R. F. Duncan,* for appellant.
*Webb & Fowler, Jones Webb,* for appellee.

GRICE, Justice. This appeal is from the denial of an interlocutory injunction against the defendant using certain property for purposes other than residential or agricultural and in strict compliance with the zoning ordinance and resolution of the county.

The case originated when Horace K. Agnew filed a petition in the Superior Court of Gwinnett County against John M. Cruce. The plaintiff alleged that the defendant owned land which adjoined his, that the land of both parties was zoned R-100 (family residential) by the county zoning authorities, and that the defendant was violating the zoning regulations because he had constructed on his land, within approximately 20 feet of the plaintiff's property, an outbuilding which he proposed to use for raising poultry. The trial court temporarily enjoined the defendant from using the building for this purpose after he raised poultry already contracted for. No appeal was taken from this order.

Thereafter, the plaintiff amended his petition and alleged that since the filing of the original petition the defendant had applied to the Planning and Zoning Commission of the county to rezone to commercial (C-2) a portion of his land measuring 200 by 450 feet on which is located the building mentioned in the original petition, and that the defendant's application showed that he proposed to use the property and building for cabinet making.

The Commission disapproved the application, but the Commissioners of Roads and Revenues of the county approved the application and rezoned as requested.

The petition further alleged that such rezoning was unreasonable, arbitrary and invalid because the property is not suitable for commercial use or development in that it does not front or abut on any public road; that the rezoning of this "spot of land," which has no access to a public road, is not near any commercial development, is lifted out of a large residential area, and is a flagrant example of spot zoning; and that the proposed use of the existing building on the property for a cabinet shop violates a named provision of the zoning resolution of the county because the building on the property is within 100 feet of a residential district and in order to use the building it will be necessary to have openings other than stationary windows within 100 feet of the residential district.

This amendment prayed that the defendant be enjoined from using the property for anything other than residential or agricultural purposes, and in any manner not in strict compliance with the zoning resolution of the county.

The trial court, in denying the prayers of the plaintiff's amendment, held that under the decision of this court in *Vulcan Materials Co. v. Griffith,* 215 Ga. 811 (1) (114 SE2d 29) (one Justice dissenting), the rezoning was valid, and that the entrance doors of the building did not violate the provision of the zoning resolution as to openings within 100 feet of a residential district.

The evidence at the hearing was without dispute as to the facts which are relevant and decisive of this appeal, and included that which follows.

The Gwinnett County Zoning Resolution was adopted in 1963, pursuant to Georgia Laws 1957, page 420. The property in controversy was zoned residential (R-100) when the original petition was filed. In July 1967 the defendant applied to the Planning and Zoning Commission of the county to have it rezoned to commercial (C-2). The application showed that he proposed to use the property and existing building for a cabinet making shop. On August 3, 1967, the Commission disapproved the application, but on September 5, 1967, the Commissioners of Roads

and Revenues rezoned it to C-2. The Planning and Zoning Commission has issued a use permit for use of the property as a cabinet making shop.

The evidence also showed that the plaintiff owns the land immediately adjacent to that in controversy. Plats of the defendant's property show that at one end the defendant's building is 16.8 feet from the property line of the plaintiff and 23.2 feet from it at the other and that the entire building is within 100 feet from the plaintiff's property line. The rezoned property does not front or abut on any public road. The building is 40 by 250 feet, with no windows but with doors at each end and on the side away from the plaintiff's property. It is now used to make cabinets. It is less than one mile from an expressway area which is zoned commercial, but most of the surrounding area for several miles is residential.

The county zoning resolution, in Article 21, Section F, recites that "No tract or parcel of land shall be considered for rezoning which has . . . a total street frontage of less than 150 feet . . . ."

This zoning resolution, in Article 13, Section B, Paragraph 10, provides for commercial (C-2) districts and includes as permitted uses "Trade shops including . . . cabinet making . . . provided that . . . all operations are conducted entirely within a building which will not have any opening, other than stationary windows, within 100 feet of any residential district."

1. We first consider the contention by the plaintiff that the rezoning was invalid because it was "spot" zoning. This contention must be rejected. Power for this type of zoning is provided by Georgia Laws 1957, page 420. Compare *Vulcan Materials Co. v. Griffith,* 215 Ga. 811 (1), supra; *Binford v. Western Electric Co.,* 219 Ga. 404 (1) (133 SE2d 361); *Pritchett v. Vickery,* 223 Ga. 490 (3) (156 SE2d 459) (two Justices dissenting).

2. We deal next with the plaintiff's contention that the rezoning was invalid because the property is not suitable for commercial use since it does not front or abut on a public road. He insists that in considering this application to rezone, the Commissioners of Roads and Revenues of the county acted contrary

to their own zoning resolution procedures for rezoning property and therefore that under *Newman v. Smith,* 217 Ga. 465 (123 SE2d 305), the rezoning was void. We do not sustain this contention, because we do not construe the provision of the county zoning resolution relied upon, Article 21, Section F, supra, to apply to the instant situation. The parcel of land rezoned here does not front on a street. Therefore, it cannot have "a total street frontage of" 150 feet, as contemplated by the above cited provision for consideration of a tract for rezoning.

3. However, we find merit in the final contention made by the plaintiff, that even if the rezoning is valid, the use of the property for cabinet making violates a named provision of the county zoning resolution and for this reason should be enjoined. The issue is as to the construction of Article 21, Section B, Paragraph 10, supra, of the zoning resolution. This provision deals with enumerated permissive uses of property zoned commercial (C-2). Among them are trade shops, including cabinet making, provided that all operations are conducted entirely in "a building which does not have any openings, other than stationary windows, within 100 feet of any residential district." It is admitted that the building here has entrance doors at each end and on one side, all of which are within 100 feet of plaintiff's property which is zoned residential. Therefore, even though the rezoning itself was valid, the use of the building for cabinet making is not, but is in violation of the above provision of the ordinance, and for this reason should be enjoined.

For reasons stated in Division 3, above, the judgment is reversed.

*Judgment reversed. All the Justices concur.*