25216.   CRAWFORD et al. v. BREWSTER et al.

ARGUED JUNE 12, 1969—DECIDED JULY 10, 1969.

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr.,* for appellants.

*Hatcher, Meyerson, Oxford & Irvin, Clifford H. Oxford, George E. Glaze,* for appellees.

MOBLEY, Justice. This appeal is from an order denying an interlocutory injunction in the case of James H. Crawford and others, residents and property owners in the vicinity of certain property in College Park known as the Mount Nursery property, against named officials of the City of College Park and William R. Brewster, Jr., and others, who are interested in the rezoning of this property. Brewster is president of Woodward Academy, a private school, which is the holder of an option to purchase the property. The property has been rezoned from residential use to apartment use.

The original petition attacked the action of the Mayor and Council of College Park on May 6, 1968, rezoning the property. This action was later rescinded, and on August 5, 1968, the property was again rezoned. It is unnecessary to consider the alleged errors pertaining to the first rezoning, since this rezoning became a nullity when rescinded. The remaining specifications of error attack the validity of the rezoning ordinance of August 5, 1968, and contend that it was error to fail to grant an interlocutory injunction.

■ Four councilmen voted for the rezoning of the Mount Nursery property, and two voted against it, the mayor not voting. It is asserted that the affirmative vote of Councilman Ted C. Hays was void because he voted when personally interested in the matter, in violation of *Code* § 69-204, and that the rezoning was void since the city charter requires the affirmative vote of four councilmen to adopt an ordinance, and it was not passed with four legal votes.

*Code* § 69-204 provides: "It is improper and illegal for a member of a city council to vote upon any question, brought before the council, in which he is personally interested." It is contended that Councilman Hays was ineligible to vote because he is employed as Music Director for Woodward Academy and his wife is employed as secretary there. The plan of Woodward Academy is to purchase the rezoned property and construct apartment buildings thereon, for the purpose of obtaining revenue for the operating expenses of the school.

In *Story v. City of Macon*, 205 Ga. 590 (3) (54 SE2d 396), it was held that: "Ownership by a member of a municipal council of land which will be affected by a public improvement does not disqualify him from voting for such improvement." In that case the "personal" interest referred to in *Code* § 69-204 was construed to be a "financial" interest. See *Smith v. City of Winder*, 22 Ga. App. 278 (4) (96 SE 14).

There is no evidence that Councilman Hays has any financial interest in Woodward Academy. The fact that he and his wife are employed by the school and receive salaries therefrom would not give him a financial interest in the ordinance rezoning the property. The vote of Councilman Hays on this ordinance, in

which he had no financial interest, was not illegal, and the rezoning was not void because his affirmative vote was required in order for the ordinance to pass.

■ In the amended petition of the appellants it was alleged that at the meeting of the mayor and council when the property was rezoned, Councilman White stated that "a slight majority of the people concerned opposed the rezoning," whereas it was actually opposed by 82% of the people concerned; and that this statement was relied on by at least one councilman who voted for the rezoning. It is asserted that this statement amounted to such a material misrepresentation as to void the action of council.

The evidence at the interlocutory hearing did not support the allegations of the petition. Councilman White voted against the rezoning. There is no testimony that any councilman changed his vote because of any statement made by Councilman White. The survey referred to, wherein 82% of the people were opposed to the rezoning, was a limited survey of the immediate area of the Mount Nursery property, and was made approximately six weeks after the rezoning ordinance was passed. Thus the results of the survey could not have been known by Councilman White at the time of the hearing. There is no merit in the assignment of error that the rezoning was void because of a misrepresentation by Councilman White.

■ It is contended that the rezoning was void because the mayor did not vote, and under the charter and applicable zoning laws, the vote was required to be of the "entire mayor and council."

The charter of the City of College Park provides in Section XIX as follows: ". . . the mayor shall be the chief executive officer of the city except with respect to the powers and duties granted by the charter of the City of College Park to the city manager of said city. The mayor shall preside over the deliberations of the council, and shall not be entitled to vote, except in case of a tie." Ga. L. 1958, pp. 2721, 2722.

The appellants contend that voting on the rezoning ordinance should have been in accordance with a 1923 charter amendment relating to zoning, as follows: "No ordinance or amendment

thereto, authorized either by this section or by section one of this Act, shall be adopted except by a majority vote of the entire mayor and council." Ga. L. 1923, pp. 548, 550. The appellants construe this section as requiring the mayor and all councilmen to vote on a zoning ordinance, and assert that the rezoning ordinance attacked in the present case was void because the mayor did not vote.

Should this section of the 1923 charter amendment be construed as the appellants contend, and should it otherwise be effective, it could not prevail over the plain provision of the 1958 amendment that the mayor shall not vote except in the case of a tie, since the 1958 amendment specifically provides for the repeal of all laws and parts of laws in conflict with it. The mayor properly abstained from voting on the rezoning ordinance, his vote not being needed to break a tie. There is no merit in this contention of the appellants.

■ The zoning ordinance of the City of College Park was enacted under the provisions of Ga. L. 1957, p. 420, as amended (*Code Ann.* § 69-1207 et seq.). Broad powers are given to municipal authorities under this law in zoning and rezoning. The primary duty and responsibility in considering amendments to zoning ordinances rest in the mayor and council of the city, and the court has no authority to substitute its judgment for the judgment of such governing authority.

There is no merit in the contention that injunction should have been granted because the rezoning is detrimental to the best interest and general welfare of the area, constitutes "spot rezoning," is contrary to the best interest of the residents of the city, and contrary to the land use plan of the city, since these were matters to be determined by the governing authority of the city. Compare: *Vulcan Materials Co. v. Griffith,* 215 Ga. 811 (1) (114 SE2d 29); *Binford v. Western Electric Co.,* 219 Ga. 404, 408 (133 SE2d 361); *Agnew v. Cruce,* 224 Ga. 216, 218 (160 SE2d 585).

*Judgment affirmed. All the Justices concur.*