25577, 25578. BIBLE et al. v. MARRA et al.; and vice versa.

ARGUED JANUARY 13, 1970—DECIDED FEBRUARY 19, 1970.

*Hull, Towill & Norman, James M. Hull, Jr.,* for appellants.

*Congdon & Williams, W. Barry Williams, Robert C. Daniel, Jr.,* for appellees.

*James L. Lester,* for parties at interest not parties to record.

MOBLEY, Presiding Justice. C. C. Marra and other property owners of Richmond County (hereafter called plaintiffs) brought an injunctive action against J. C. Bible and Southeastern Builders, Inc. (hereinafter called defendants), and zoning officials of Augusta and Richmond County. The plaintiffs attacked an amendment to the Comprehensive Zoning Ordinance of Augusta and Richmond County, which rezoned a tract of land from single-family residential use to multiple-family residential use, and sought to enjoin the defendants from constructing apartment buildings on this tract. Motions for summary judgment were filed by both the plaintiffs and the defendants. The trial judge denied both motions. The appeal by the defendants in Case No. 25577 is from that part of the judgment denying their mo-

tion; and the appeal by the plaintiffs in Case No. 25578 is from that part of the judgment denying their motion. The trial judge certified that the judgment was of sufficient importance to the issues involved in the case to authorize immediate review.

■ The plaintiffs base their motion for summary judgment on five grounds. The first ground is that they were entitled to a public hearing of any proposed amendment to the Comprehensive Zoning Ordinance, and due notice of the time and place of the hearing, and that the law in effect at the time of the petition for rezoning violated the due process clauses of the State and Federal Constitutions because it did not designate the person whose duty it was to give the notice. Their pleadings designate the law asserted to be unconstitutional as "Chapter 69-12, Code of Georgia 1933, as amended, and particularly Section 1210 thereof. . ."

This attack does not draw in question the constitutionality of any law. There is no Chapter 69-12 of the Code of Georgia of 1933, and there can be no amendment of a chapter which does not exist. If a chapter and section of the Georgia Code Annotated, which have been incorporated in the Code since the adoption of the Code of 1933, are intended, this court has repeatedly held that this is not an attack upon the constitutionality of any law. See *Adams v. Ray*, 215 Ga. 656, 657 (113 SE2d 100).

■ The second ground is that the notice of public hearing published in connection with the amendment rezoning the property involved in this case was void because it did not contain a sufficient description of the property to be considered for rezoning.

The Augusta-Richmond County Comprehensive Zoning Ordinance was passed pursuant to Ga. L. 1957, pp. 420-443, as amended (*Code Ann. Ch.* 69-12). The law governing zoning amendments in effect at the time of the application for rezoning here involved (Ga. L. 1959, pp. 335, 340) required notice of the time and place of the public hearing thereon. No specification of the description to appear in the notice was given, but due notice would require that the description be sufficiently definite to apprise property owners of the land sought to be rezoned.

(a)   The first contention in regard to a deficiency in the description of the notice is that it did not contain any reference to the city, county, or state in which the property is located.

The notice was published in the Augusta Herald, and stated that the Augusta-Richmond County Planning Commission would hold a public hearing at a stated time and place, on a stated date, to consider a petition from Southeastern Builders, Inc., requesting the rezoning of "property located on the north right of way line of Washington Road a distance of 349.98 feet west of the northwest corner of Washington Road and River Ridge Road," described by metes and bounds.

Counsel for the plaintiffs cite *Callaway v. White*, 222 Ga. 371 (149 SE2d 689), in support of their contention that this description is too indefinite to give notice of the property for which rezoning is sought.   In the *Callaway* case specific performance was sought of a written contract of sale, and it was held that the description was too indefinite because it gave only a street number, with no indication of the city or state.   That case is clearly distinguishable from the present case.   A contract of sale might refer to property completely outside of the city, or even the state, wherein it is executed.   A notice in regard to rezoning by the Augusta-Richmond County Planning Commission could refer only to property zoned under the Augusta-Richmond County Comprehensive Zoning Ordinance.   The notice was not deficient because of the failure to state the city, county, or state in which the property was located.

(b)   The plaintiffs contend that the notice does not include an accurate reference to the map or plat of the property to be affected by the zoning amendment, and cite *City Council of Augusta v. Irvin,* 109 Ga. App. 598 (137 SE2d 82), in which the Court of Appeals held that a map or maps form an indispensable part of the zoning ordinance.   This holding deals only with the requirements of law in regard to the map or maps forming a part of the original Comprehensive Zoning Ordinance, and not with the notice required prior to any amendment to it.

The published notice stated: "Plat is on file in the office of the Augusta-Richmond County Planning Commission for inspection."   This placed the public on notice that the applicants for

158

rezoning had filed with the planning commission a plat of the property which they desired to have rezoned, and that this plat could be inspected by any interested person. No further reference to the plat was necessary.

There is no merit in the contention that the zoning amendment was void because of any deficiency in the description in the notice.

■ The third ground is that at the time the Augusta-Richmond County Planning Commission considered the petition for rezoning involved in this case, the commission was illegally constituted, in that the residence requirements of the members did not meet the legal requirements.

The enabling ordinance and resolution creating the Augusta-Richmond County Planning Commission provides that the commission shall consist of nine members, four to be residents of the City of Augusta, appointed by the City Council of Augusta; three to be residents of Richmond County, appointed by the Board of Commissioners of Roads and Revenues; and two ex-officio members, one from the county and one from the city.

The parties have stipulated that at the time of the hearing before the Augusta-Richmond County Planning Commission only two appointed members were residents of the City of Augusta. At the time of the creation of the planning commission the four members appointed by the City Council of Augusta resided within the city limits, but at the time of the hearing by the planning commission on the rezoning here involved two of the members had moved into the area of Richmond County outside the city limits of Augusta.

Code § 89-501 (5) provides: "All offices in the State shall be vacated— . . . 5. By the incumbent ceasing to be a resident of the State, or of the county, circuit, or district for which he was elected. In the first case the office shall be vacated immediately; in the latter cases, from the time the fact is judicially ascertained." See *Channell v. State*, 109 Ga. 150 (1) (34 SE 353); *Smith v. Ouzts*, 214 Ga. 144, 148 (103 SE2d 567); *Hagood v. Hamrick*, 223 Ga. 600 (1) (157 SE2d 429); *Johnson v. State*, 27 Ga. App. 679 (3c) (109 SE 526).

There is no contention that it had been judicially ascertained that two members of the planning commission had vacated their offices by moving outside the city limits of Augusta, and there is, therefore, no showing that they were not authorized to act on the rezoning matter.

■ Ground 4 asserts that at the time the Augusta-Richmond County Planning Commission considered the petition for rezoning involved in this case it had not adopted rules and regulations for the conduct of its business and procedure before it, as required by law, and for this reason the actions on the rezoning petition were void.

Ga. L. 1957, pp. 420, 422, as amended (*Code Ann.* § 69-1202) provides that the planning commission "shall adopt rules for the transaction of business." It is contended that the testimony of Lawrence D. Connor, Jr., director of the planning commission, establishes the fact that no rules had been adopted at the time of the rezoning hearing. This witness stated that there was a set of rules and regulations adopted under the old City-County Planning and Zoning Commission, that these rules were not readopted by the present commission, "but they continued to operate under them and adopted additional rules of procedure from time to time in various meetings as the need arose."

R. S. Woodhurst, the chairman of the planning commission, by affidavit averred that the commission had adopted rules for the transaction of business, and that the rules were contained in minutes of meetings of thirteen stated dates, prior to the hearing on the rezoning application.

The evidence of these two officers of the planning commission showed that rules had been adopted. The rezoning amendment was not void for failure to adopt rules.

■ The fifth ground is that the amendment to the Augusta-Richmond County Comprehensive Zoning Ordinance has not been adopted by the City Council of Augusta, and the amendment is therefore of no force and effect.

The rezoned property is located in the County of Richmond, outside the city limits of Augusta. It is asserted by the plaintiffs that since the city and county joined together in adopting a joint Comprehensive Zoning Ordinance and appointed a joint

planning commission, no amendment of the joint Comprehensive Zoning Ordinance could be effective without joint action of both governmental units.

The Act of 1957 (Ga. L. 1957, pp. 420-443), as amended, provides that each municipality and county may create a planning commission, and that counties may join together, municipalities may join together, and counties and municipalities may join together, to create a joint planning commission. Ga. L. 1960, pp. 1037, 1038, as amended, Ga. L. 1965, pp. 536, 537. The planning commissions act in an advisory capacity, and no final action on zoning can be taken by the commissions. Where a county and municipality join together and appoint a joint planning commission, the initial work of mapping and planning the area is the duty of the commission, but the adoption of the joint comprehensive zoning ordinance must be by the governmental authorities of the city and county.

Section 3 (Ga. L. 1957, p. 422) states one of the duties of the planning commission to be: "3. Prepare and recommend for adoption to the appropriate governing authority or authorities regulations for the subdivision of land within its political jurisdiction. . ." Section 7 (Ga. L. 1957, p. 425), granting zoning power, states that the governing authorities of the municipality and county, *respectively*, are empowered to exercise stated zoning authority. Section 10 (Ga. L. 1957, p. 427, as amended by Ga. L. 1959, pp. 335, 340), dealing with amendments to the zoning ordinance, provides that the governing authority of the municipality and county may, by joint resolution, authorize a municipal-county planning commission to hold all the public hearings on amendments to the zoning ordinance, and when the hearings are held by the joint planning commission, a public hearing by the governing authority of the municipality *or* county shall not be necessary before amending the zoning ordinance.

The law authorizes joint consideration of zoning by counties and municipalities in the planning stages. The action of each governmental unit in approving the comprehensive zoning ordinance is an approval of the zoning within its jurisdiction. There is nothing in the planning commission statute (Ga. L. 1957, pp.

420-443, as amended) which purports to give authority to one governmental unit to enact zoning regulations effective in the jurisdiction of another governmental unit.

There is no merit in the contention that the zoning amendment affecting land outside the city limits of Augusta is void because it was not approved by the City Council of Augusta.

The above rulings dispose of all of the grounds on which the plaintiffs predicated their motion for summary judgment. Since none of these grounds is meritorious, the trial judge did not err in denying their motion for summary judgment. The portion of the judgment appealed from by the plaintiffs in Case No. 25578 is affirmed.

■ We next consider the appeal of the defendants from the portion of the judgment denying their motion for summary judgment. In order to be entitled to summary judgment the defendants must show that none of the issues raised by the plaintiffs entitled the plaintiffs to a jury trial. In the previous five divisions we have held that five issues raised by the plaintiffs did not entitle them to summary judgment. The facts are undisputed as to these issues. Some of the additional issues made by the plaintiffs have been specifically abandoned. The only remaining issue for consideration is the contention by the plaintiffs that the rezoning of the property was illegal because it was "spot" zoning.

In *Agnew v. Cruce*, 224 Ga. 216, 218 (160 SE2d 585), it was held: "We first consider the contention by the plaintiff that the rezoning was invalid because it was 'spot' zoning. This contention must be rejected. Power for this type of zoning is provided by Georgia Laws 1957, page 420." See also: *Vulcan Materials Co. v. Griffith,* 215 Ga. 811 (1) (114 SE2d 29); *Binford v. Western Electric Co.,* 219 Ga. 404 (1) (133 SE2d 361); *Addis v. Smith,* 225 Ga. 157 (1) (166 SE2d 361); *Crawford v. Brewster,* 225 Ga. 404, 407 (169 SE2d 317).

The contention that the rezoning is void because it was "spot" zoning is without merit.

Since none of the issues raised by the plaintiffs are meritorious, and no issue of fact remained for submission to a jury, it was error to deny the motion for summary judgment by the

■

defendants. The portion of the judgment appealed from in Case No. 25577 is reversed.

*Judgment reversed in Case No. 25577; affirmed in Case No. 25578. All the Justices concur.*