### 34634. BARRETT et al. v. HAL W. LAMB & ASSOCIATES, INC.

MARSHALL, Justice.

The appellee brought this suit against the Cobb County Board of Commissioners to overturn the board's

refusal to zone for commercial use 16 acres of a 48-acre tract presently zoned residential. The appellee wishes to construct a shopping center on the tract, which is located at the intersection of Johnson's Ferry Road and Shallowford Road in Cobb County. The trial court ruled that the present zoning of the property for residential use is unconstitutional. The board appeals.

*Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1976) provides the test for determining whether the application of a local zoning ordinance to a given piece of property constitutes an unconstitutional taking of the property without just compensation.

As stated in *Barrett v. Hamby:* "As the individual's right to the unfettered use of his property confronts the police power under which zoning is done, the balance the law strikes is that a zoning classification may only be justified if it bears a substantial[1] relation to the public health, safety, morality or general welfare. Lacking such justification, the zoning may be set aside as arbitrary or unreasonable. Nectow v. Cambridge, 277 U. S. 183, 188 (1928); *City of Thomson v. Davis* [92 Ga. App. 216, 221].

"As these critical interests are balanced, if the zoning regulation results in relatively little gain or benefit to the public while inflicting serious injury or loss on the owner, such regulation is confiscatory and void. City of Jackson v. Bridges, 243 Miss. 646 (139 S2d 660); Weitling v. DuPage County, 26 Ill. 2d 196 (186 NE2d 291). Moreover, we specifically rule that for such unlawful confiscation to occur, requiring that the zoning be voided, it is not necessary that the property be totally useless for the purposes classified. Accord, Weitling v. DuPage County, supra. It suffices to void it that the damage to the owner is significant and is not justified by the benefit to the public. See generally 8 McQuillin, Municipal Corporations §§

---

[1]This footnote, which is found in the opinion in *Barrett v. Hamby,* defines the word "substantial," as used in the context of the substantial relation test, to be more or less synonymous with the term "reasonable."

25.42 — 25.45 (1965); 1 Rathkopf, The Law of Zoning & Planning, Chs. 5 & 6 (1974)." 235 Ga. at 265-266.

The application of the *Barrett v. Hamby* test was embellished upon in *Guhl v. Holcomb Bridge Road Corp.*, 238 Ga. 322, 323 (232 SE2d 830) (1977): " 'A zoning ordinance is presumptively valid, and this presumption may be overcome only by clear and convincing evidence. The burden is on the plaintiffs. The validity of each zoning ordinance must be determined on the facts applicable to the particular case, but certain general lines of inquiry have been regarded as relevant, to wit: (1) existing uses and zoning of nearby property; (2) the extent to which property values are diminished by the particular zoning restrictions; (3) the extent to which the destruction of property values of the plaintiffs promotes the health, safety, morals or general welfare of the public; (4) the relative gain to the public, as compared to the hardship imposed upon the individual property owner; (5) the suitability of the subject property for the zoned purposes; and (6) the length of time the property has been vacant as zoned, considered in the context of land development in the area in the vicinity of the property.' La Salle National Bank v. County of Cook, 60 Ill. App. 2d 39, 51 (208 NE2d 430) (1965)."

In this case, the trial court found essentially as follows: The existing zoning of nearby property is substantially residential, although the subject property "almost" adjoins a commercial area; a contract to sell the property, if the zoning can be changed to commercial, contains a purchase price representing a value four times greater than the present value of the property for residential use; there was no gain to the public with great hardship imposed on the property owner in enforcing the present residential zoning of the property; the residential zoning of the property has caused its development to stagnate; proper engineering can provide a solution to existing traffic problems and prevent traffic problems from becoming aggravated; and the complaints of the neighboring residential property owners can be solved by establishing a proper buffer zone between their property and the appellee's property.

After reviewing the record, we conclude that the trial

court was authorized in making the foregoing findings and declaring the residential zoning of the subject property to be unconstitutional.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., Jordan and Hall, JJ., who dissent.*

ARGUED MARCH 13, 1979 — DECIDED
APRIL 30, 1979.

*Downey, Cleveland & Moore, Lynn A. Downey, Joseph C. Parker,* for appellants.
*Jean E. Johnson, Jr.,* for appellee.

UNDERCOFLER, Presiding Justice, dissenting.

The Commissioners of Cobb County acted constitutionally in refusing to spot zone the appellees' property so as to allow commercial development in a totally residential area. I therefore dissent to the majority opinion.

"Spot zoning" has been described as " 'the process of singling out a small parcel of land for a use classification totally different from that of the surrounding area, for the benefit of the owner of such property and to the detriment of other owners.' " 2 Rathkopf, The Law of Planning and Zoning § 26.02, p. 26-1, quoting Rodgers v. Village of Tarrytown, 302 N. Y. 115, 123 (96 NE2d 731, 734) (1951). Compare *Neal v. City of Atlanta,* 212 Ga. 687 (94 SE2d 867) (1956). Spot zoning is generally held to be unconstitutional because it is by its very nature arbitrary, in conflict with the comprehensive zoning plan, and thus contrary to the general welfare. *Snow v. Johnston,* 197 Ga. 146 (28 SE2d 270) (1943). See generally, *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1976); 2 Rathkopf, supra, Ch. 26.

In *Orr v. Hapeville Realty Investments, Inc.,* 211 Ga. 235, 240 (85 SE2d 20) (1954), we held that the power to rezone granted to the zoning authority "does not confer ... any power to 'spot' zone by ordinance, and remove a small tract for business or commercial purposes from a district zoned for residences . . . If by law any power had been

conferred on the . . . [zoning authority] to 'spot' zone, the reasonableness or unreasonableness of such zoning would become a question of law for the court to decide." *Vulcan Materials Co. v. Griffeth,* 215 Ga. 811 (114 SE2d 29) (1960) which has often been cited as authority allowing spot zoning in this state,[1] confuses spot zoning and special use permits and is erroneous insofar as it departs from *Orr v. Hapeville Realty Investments, Inc.,* supra.

Applying *Orr,* supra, to this case, it is clear that the Cobb zoning authority acted constitutionally in refusing to spot zone the property in question. Since spot zoning involves the initiation of a new zoning classification within another, rather than the mere encroachment of one zone into another at their border as a result of changing conditions, there is a strong presumption that spot zoning is against the public interest. It will, therefore, be only a rare instance when spot zoning will meet the "reasonableness" test required by *Orr* and defined in *Barrett v. Hamby.* I do not find that this is one of those instances.

I am authorized to state that Justice Hall joins in this dissent.

---

[1] E.g., *Bible v. Marra,* 226 Ga. 154 (173 SE2d 346) (1970); *Crawford v. Brewster,* 225 Ga. 404 (169 SE2d 317) (1969); *Agnew v. Cruce,* 224 Ga. 216 (160 SE2d 585) (1968); *Pritchett v. Vickery,* 223 Ga. 490 (156 SE2d 459) (1967); *Binford v. Western Electric Co., Inc.,* 219 Ga. 404 (133 SE2d 361) (1963). *Vulcan* was overruled on other grounds in *Cross v. Hall County,* 238 Ga. 709 (235 SE2d 379) (1971).