### 36575. HINSON v. WOODARD.

BOWLES, Justice.

The parties in this case are adjoining landowners. In May, 1979, plaintiff sought to enjoin defendant from cutting timber on a strip of land which both parties claim. The trial court granted a temporary injunction to restrain defendant from further encroaching on the disputed property. After a hearing on the matter the trial court determined that defendant's testimony, witnesses and exhibits overwhelmingly established the boundary line to be as defendant contended. The court further concluded that even if the plaintiff had proved the boundary line to be as she claimed, the defendant had shown adverse possession for more than thirty-five years. The trial court dissolved the temporary restraining order and refused to further enjoin defendant from removing timber. However, the trial court twice denied defendant's motions for summary judgment on the issue of title to the land. Plaintiff appealed the trial court's failure to continue the injunction to this court. Finding that the trial court did not abuse its discretion in refusing to continue the injunction, we affirmed under our Rule 59. *Hinson v. Woodard,* 245 Ga. 29 (263 SE2d 439) (1980).

Subsequently the defendant made a third, amended motion for summary judgment, this time including a claim that she had title to the disputed land by adverse possession. The trial court granted this motion stating that it based its decision on the evidence presented at the interlocutory hearing. Plaintiff now brings this appeal, alleging that the trial court erred in granting defendant's motion for summary judgment as there are material issues of fact to be decided.

At the interlocutory hearing defendant presented evidence that she and her husband had cupped and turpentined trees on the disputed property for over thirty-five years except for one unspecified "gap" of time in which they were unable to work the trees. Defendant showed that she had farmed a fenced-in portion of the disputed land continuously for over thirty-five years. She also

introduced into evidence aerial photographs which show a straight line of trees along the line which defendant claims to be the boundary. Defendant claims that her possession has been public, continuous, exclusive, uninterrupted, peaceable and under claim of right for over twenty years.

In response plaintiff submitted an affidavit stating that over the years the markers indicating the original boundary lines of the adjoining land lots have eroded or been destroyed by fire and that the encroachments by defendant on her land have been with her permission. Plaintiff further contended that she and defendant had an agreement that those encroachments would cease once a survey was made to determine the original boundary line. At the interlocutory hearing plaintiff presented evidence that in 1959 she had enjoined a timber company, acting under authority of defendants in this case, from cutting timber on the disputed land. No attempt to cut timber on the disputed border has been made since 1959.

None of the deeds or plats submitted by either party are dispositive of the issue of ownership.

We have carefullly studied the record of the interlocutory hearing as well as the evidence presented to us on appeal. We cannot say that there is no genuine issue as to any material fact presented in this case. "In order to be entitled to summary judgment the defendants must show that none of the issues raised by the plaintiffs entitled the plaintiffs to a jury trial." *Bible v. Marra,* 226 Ga. 154, 161 (173 SE2d 346) (1970). See also, *Ellington v. Tolar Construction Co.,* 237 Ga. 235 (227 SE2d 336) (1976); Code Ann. § 81A-156 (c). Therefore, we conclude that the trial court erred in granting defendant's motion for summary judgment.

*Judgment reversed. All the Justices concur.*

SUBMITTED AUGUST 15, 1980 — DECIDED OCTOBER 2, 1980.

*J. Laddie Boatright,* for appellant.
*Herschel B. Herrington,* for appellee.