OGLES *v.* SMITH.

No. 9414. JULY 13, 1933.

*O. C. Hancock,* for plaintiff in error. *Edgar Latham,* contra.

ATKINSON, J. Elizabeth Smith instituted an action for divorce and alimony against W. R. Smith. The defendant filed an answer

in the nature of a cross-petition seeking cancellation of a deed executed by the man to the woman, conveying a described city lot on which a residence was situated. The deed was alleged to have been executed upon the urgency of the woman in consideration of natural love and affection, "and upon the agreement that it would continue to be held by her for the joint use of both and as their home so long as they might live;" "that she had the purpose when she secured said deed from this defendant to separate from him and to drive him from his home;" "that plaintiff is guilty of fraud in procuring said deed from him, in that she agreed at the time that the property would continue to be held by her as a home for their joint use, when as a matter of fact she had the intention at said time to drive him away from the home and separate from him, and that she did not intend at the time to keep the agreement to hold said property as a home for their joint use; and he alleges that said deed should be canceled for fraud and the title of said property be decreed into him." The answer was filed March 2, 1932. On June 7, 1932, the defendant filed an amendment alleging that since filing the answer he had learned that on March 1, 1932, the woman had conveyed by deed the house and lot to Mrs. Ogles, her daughter by a former marriage, in consideration of natural love and affection, and that Mrs. Ogles knew, at the time, of the agreement hereinabove mentioned between the defendant and his said wife concerning the said house and lot. The amendment also alleged that Mrs. Smith and Mrs. Ogles have conspired to take the property from the defendant by fraud. There was a prayer that Mrs. Ogles be made a party defendant, and that both deeds be canceled.

The court did not err in making Mrs. Ogles a party, and in over-ruling the demurrer to the cross-petition as amended, based on the following grounds: (1) No cause of action is set forth in the amendment·making her a party. (2) Under the allegations of fact the defendant is not entitled, as a matter of law, to the relief prayed for. (3) Under the allegations of fact there is a misjoinder of parties. (4) There is a misjoinder of subject-matters; and the amendment is not germane to the allegations of fact contained in the original petition. *Judgment affirmed. All the Justices concur.*