22862. TIMEPLAN LOAN & INVESTMENT CORPORATION v. MOREHEAD et al.

Argued February 9, 1965—Decided March 16, 1965.

*Norton & Cooper, J. Robert Cooper, William L. Norton, Jr.,* contra.

Almand, Justice. 31 named petitioners brought this action in the Superior Court of Hall County against Calvary Memorial Gardens, Inc. (hereinafter referred to as Calvary) and

Timeplan Loan & Investment Corporation (hereinafter referred to as Timeplan). In the petition it was alleged: that Calvary purchased land for a cemetery near Gainesville, Georgia, and began the sale of cemetery lots to Negro citizens; that many petitioners agreed to purchase certain lots in said cemetery from Calvary; that representatives of Calvary stated to petitioners that said cemetery would be a high quality "perpetual care" cemetery and that an escrow fund had been established insuring the perpetual care of said cemetery; that the representatives presented to each petitioner a bond for title which recited that 10 percent of the purchase price was for the perpetual care of said cemetery and that the cemetery agreed to carry on the maintenance of Calvary Memorial Gardens; that the representatives of Calvary stated to petitioners that upon default of the obligations and purchase agreements, petitioners would merely lose their prior payments; that Calvary sold to Timeplan 127 of said conditional sale agreements and promissory notes of petitioners and other parties similarly situated; that Timeplan purchased and assumed said obligation knowing that the promise and warranty of perpetual care could not be carried out; that Calvary and Timeplan conspired by transferring and assigning said obligations to deprive petitioners of legal redress against defendants; that Timeplan has informed petitioners that it is not concerned with the cemetery or the terms of purchase and has demanded payment on the notes and has repeatedly threatened petitioners with collection procedures. In the remaining paragraphs of the petition it was alleged: that said promissory notes were executed without any consideration in that the lots were of no value without the promised perpetual care and that Timeplan knew this at the time it purchased and assumed these obligations and that such facts render the said notes void; that to prevent a multiplicity of suits in the courts of Hall County, the equitable powers of this court should be invoked. The prayers were: that a bill of peace be granted; that suits now pending in the City Court of Hall County which involve the subject matter of this suit be transferred to this court; that injunctions be granted enjoining Timeplan from further threats against petitioners or from proceeding to enforce said agreements and notes; that said

agreements and notes be adjudged void; for judgment against defendants for the sums collected under the agreements and notes together with costs and attorneys' fees for this action and; that a receiver be appointed for Calvary Memorial Gardens, Inc.

The defendant Timeplan filed general and special demurrers to the amended petition. By bill of exceptions, Timeplan assigns error on the court's order overruling certain of these demurrers.

■ The general demurrer. A court of equity has the power to direct the cancellation of an instrument if there is a valid defense to the instrument, and will exercise this power when it is shown that equitable relief is necessary. *Butler v. Durham,* 2 Ga. 413 (4). See also *Witt v. Sims,* 140 Ga. 48 (78 SE 467). The prevention of a multiplicity of suits is one of the grounds upon which equity will take jurisdiction. *Code* § 37-1501. A failure of consideration is a valid defense to a suit on an instrument where the purchaser is not an innocent purchaser for value. *Pidcock v. Merchants Nat. Bank,* 7 Ga. App. 303 (66 SE 973). Under the decisions and Code sections cited above, the plaintiffs' petition, alleging that defendant Timeplan was the holder of certain notes and contracts, taken with knowledge that there was a failure of consideration in the notes and contracts, and praying that the notes and contracts be canceled and that equity take jurisdiction to avoid a multiplicity of suits, stated a cause of action against defendant Timeplan, and the court did not err in overruling the general demurrer.

■ The special demurrers. (a) The first special demurrer is on the ground of a misjoinder of causes of action. There is no merit in this contention. A misjoinder of causes of action occurs "where the cases or claims united in one bill are of a character so different that the court will not permit them to be litigated in one record." *City Bank of Macon v. Bartlett,* 71 Ga. 797 (1c). In the case at bar the claims are all of the same nature—they all involve the validity of identical notes and contracts. There is no misjoinder of causes of action.

(b) The next special demurrer is on the ground of a misjoinder of parties defendant. This contention is without merit. In an action to cancel an instrument, the original holder and his

transferee are properly joined as defendants. *Ogles v. Smith,* 177 Ga. 361 (170 SE 234).

(c) Because several grounds of the remaining special demurrers reoccur so often, we will dispose of them together.

Many of the special demurrers are on the ground that it does not appear that the acts alleged were done, directed or authorized by defendant Timeplan. As pointed out in Division 1 of this opinion, to state a cause of action against Timeplan it was only necessary to show that Timeplan took the contracts and notes with the knowledge that there had been a failure of consideration. Since knowledge is all that is necessary, the court did not err in overruling these special demurrers on the ground that Timeplan did not do, authorize or direct the acts in question.

Many of the special demurrers to individual paragraphs are on the ground of irrelevancy or immateriality. These demurrers do not point out the alleged irrelevancy or immateriality, and therefore, raise no question for our decision here. *Wright Contracting Co. v. Davis,* 90 Ga. App. 548, 552 (83 SE2d 232).

There are many special demurrers on the ground of vagueness, but the alleged vagueness is not pointed out. These demurrers cannot be considered here. *Johnson v. Hopkins,* 145 Ga. 817 (2) (90 SE 60).

There are special demurrers which attack the pleadings on the ground that they are mere conclusions of the pleader. These demurrers can not be considered because they do not point out with particularity the allegedly defective portions of the stated paragraphs. *Bowen v. Samuels,* 204 Ga. 718, 720 (51 SE2d 667).

(d) The petition is demurred to because it is not alleged whether or not petitioners have an adequate remedy at law. There is no merit in this contention, it appearing from the allegations of the petition that petitioners have no adequate remedy at law.

(e) Several special demurrers are on the ground that the dates of the sales agreements and notes are not alleged. The petition does allege that the sales agreements and notes have been delivered to defendant Timeplan. Since it appears that this information is within the defendant's knowledge, the overruling of these special demurrers was not error. *Lee Street Auto Sales v. Warren,* 102 Ga. App. 345, 348 (116 SE2d 243).

(f)   A special demurrer was filed to paragraph 14 of the petition on two grounds: 1. that the date that the intent to defraud petitioners was formed is not alleged; 2. that it is not alleged in what manner the transfer of the sales agreements and notes constituted a fraud. This special demurrer is without merit. The fact that defendant Timeplan took with knowledge of the failure of consideration makes the transfer fraudulent and no other facts need be alleged to show that the transfer was fraudulent.

■   Special demurrers were filed on the grounds that the names of the representatives of Calvary who made representations to petitioners are not alleged and that the names of petitioners who have been written letters stating that Timeplan will sue on the notes are not alleged. The purpose of a special demurrer is to require the opposite party to allege such facts as will enable the defendant to prepare his defense to the suit. *Steed v. Harris*, 52 Ga. App. 581 (183 SE 847). We are of the opinion that the names of the representatives and the names of petitioners receiving letters are needed by the defendant Timeplan to prepare its defense. The court erred in overruling the portions of special demurrers numbers 5, 12, 14, 26 (2) and 26 (3) to the original petition and the portions of special demurrer number 9 to the amended petition which deal with the failure to allege these names.

With the exception of the special demurrers enumerated in Division 3, the court did not err in overruling the special and general demurrers to the amended petition.

*Judgment affirmed in part; reversed in part.   All the Justices concur.*