23200. TIMEPLAN LOAN & INVESTMENT CORPORATION v. MOOREHEAD et al.

Argued November 8, 1965—Decided January 10, 1966.

*C. Winfred Smith,* for appellant.

*Norton & Cooper, W. L. Norton, Jr.,* for appellee.

Cook, Justice. In *Timeplan Loan &c. Corp. v. Morehead,* 220 Ga. 762 (141 SE2d 420), this court dealt with assignments of error on rulings on demurrers in the same litigation now before us. It was there held that the trial court properly overruled the general demurrer and certain special demurrers, but erred in overruling some of the special demurrers. The recast petition of Kyles Moorehead and others, on behalf of themselves and others similarly situated, against Calvary Memorial Gardens, Inc., and Timeplan Loan & Investment Corporation, made substantially the same allegations as in the petition formerly considered by this court. Briefly, the contentions of the petitioners are that Calvary Memorial Gardens, Inc., sold cemetery lots to the petitioners on conditional sale contracts, promising perpetual care of the cemetery, and that the contracts were assigned to Timeplan Loan & Investment Corporation with knowledge by that corporation that the promise of perpetual care would not be kept. The two defendant corporations will be referred to as Calvary and Timeplan.

On the trial of the case two questions were presented to the jury for determination: "(1) Were the instruments in question obtained from plaintiff by Calvary Memorial Gardens, Inc. through fraud? (2) Did Timeplan receive the instruments free of any defects as a bona fide purchaser for value?" The jury returned a verdict answering the first question in the affirmative and the second in the negative. Timeplan filed an appeal from the judgment making the jury verdict the judgment of the court and enjoining Timeplan from proceeding against the petitioners and others similarly situated on the sale contracts and notes held by Timeplan pursuant to transactions with Calvary.

■ The first error enumerated is that the court allowed Kyles Moorehead and other witnesses for the petitioners to testify in regard to conversations with persons not in the presence of Timeplan. The testimony of each of these witnesses concerned conversations they had with representatives of Calvary at the time these representatives were attempting to sell cemetery lots

to them. At the time objection was made to this testimony the trial judge instructed the jury that they could consider the testimony only on the question of whether or not the transactions on the part of Calvary were fraudulent, and that the conversations would not be binding on Timeplan.

"A corporation can only make admissions through its agents, and the admissions of such agents acting within the scope of their powers and about the business of their agency, are admissible." *Imboden v. Etowah & Battle Branch Mining Co.*, 70 Ga. 86 (11). See *Code* §§ 38-406, 4-315. The admissions of the agents of Calvary were admissible against that defendant.

*Code* § 38-403 (2) provides: "Where there are several parties with no joint interest, the admissions of one cannot be received, unless the issue is of such a character that the effect of the admission can be confined to him alone." Since the trial judge confined the jury in the consideration of this testimony to the issue of fraud on the part of Calvary, it was not error to allow it in evidence.

■ The second error enumerated is that the court allowed the petitioners to call the witness J. Don Sanders for the purpose of cross examination as agent of Timeplan, over objection of Timeplan. The record shows that the objection made was the following: "We object to him calling Mr. Sanders for cross examination as an agent of Timeplan." The contention made in the brief of the appellant is that this witness was not such a party or agent as contemplated by *Code Ann.* § 38-1801 because the witness was not employed by Timeplan at the time of the trial. The objection to the testimony was insufficient to raise this issue.

■ The fourth error enumerated is that the court denied the appellant's motion to strike the testimony of Adel Hawks. The ground of objection to this testimony was that the witness had been removed from the class action by the court. The fact that a witness has been removed as a party in the case does not make his testimony inadmissible.

■ The errors alleged in grounds 3, 5, 6, 8, 9, 10, and 11 of the enumeration of errors all relate to the question of whether or not the evidence was sufficient to support the finding of the

jury that Timeplan did not "receive the instruments free of any defects as a bona fide purchaser for value."

The transactions occurred prior to the effective date of the Uniform Commercial Code (Ga. L. 1962, p. 156 et seq., *Code Ann. Title* 109A). Former *Code* § 14-506 provided: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

There was overwhelming evidence that the original transactions of Calvary in selling cemetery lots to the petitioners and others were fraudulent. The deeds and bonds for title from Calvary to the buyers of the cemetery lots were on identical printed forms and each contained the promise of perpetual care by Calvary. The evidence indicated that the contracts were assigned to Timeplan as the lots were sold, and that the deeds and bonds for title were transferred to the files of Timeplan at that time. Some of the witnesses stated that they made the first payments on their contracts to Timeplan. There is evidence that Timeplan continued to purchase the contracts after complaint had been made to it that no care and maintenance was being given the cemetery by Calvary. The evidence was voluminous and we are not attempting to relate all of the testimony indicating that Timeplan either knew of the fraud of Calvary, or had knowledge of sufficient facts to make its action in purchasing the instruments without inquiring into the facts amount to bad faith. We are of the opinion that the evidence taken as a whole was sufficient to support the verdict of the jury.

■ The seventh ground of error enumerated is that the judge granted relief to the petitioners not prayed for in their petition. "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose." *Code* § 37-105. There is no merit in this contention.

*Judgment affirmed. All the Justices concur.*