## 45573. NATHAN v. OAKLAND PARK SUPERMARKET, INC.

WHITMAN, Judge. In this action for personal injury resulting from a fall, plaintiff, a customer at defendant's grocery store, alleges that she fell from slipping on a candy wrapper which was either picked up by her shoe from the store floor as she passed over it, or which was lying on the "sidewalk" just outside the store—her fall having occurred there—defendant's motion for summary judgment was granted.

The evidence submitted by movant falls short of demonstrating that plaintiff can in no event recover, for that it does not appear whether the "sidewalk" was a public one (as to which see *Ellis v. Southern Grocery Stores,* 46 Ga. App. 254 (167 SE 324); *Rhodes v. Perlis,* 83 Ga. App. 312 (63 SE2d 457); *Crowe v. Mason,* 86 Ga. App. 832 (2) (72 SE2d 787); *City of Decatur v. Robertson,* 85 Ga. App. 747, 754 (70 SE2d 135), and *Reed v. Batson-Cook Co.,* 122 Ga. App. 803 (178 SE2d 728)), or a part of defendant's premises. Cf. *Willis v. Byrd,* 116 Ga. App. 555 (158 SE2d 458). It is true that a sidewalk has been defined in *Hancock v. Rush,* 181 Ga. 587, 600 (183 SE 554) as being "that part of a public street or highway designed for the use of pedestrians," but that case dealt with the matter in deciding whether a city was authorized to pave sidewalks, along with the street itself, using funds derived from street improvement

bonds which were to be repaid from paving assessments. The context here is different. A diagram from which plaintiff testified in the giving of her deposition (which defendant used in support of its motion) indicates that the "sidewalk" abutting the store adjoins a parking area, not a street. Thus a question of fact as to the matter is unresolved.

Another question of fact which may very well be of significance is whether defendant, or its agents in charge, had or should have had knowledge of the presence of the candy wrapper—wherever it was, if on defendant's premises—and whether ordinary care would have required them to have removed it before plaintiff became involved with it.

These matters were not resolved on the proceeding for summary judgment, and are jury issues.

*Judgment reversed. Eberhardt, J., concurs. Pannell, J., concurs specially.*

ARGUED SEPTEMBER 11, 1970—
DECIDED APRIL 2, 1971—CERT. APPLIED FOR.

*Louis H. Mitchell, L. B. Kent,* for appellant.

*Swift, Pease, Davidson & Chapman, William G. Scrantom, Jr., John T. Laney, III,* for appellee.

PANNELL, Judge, concurring specially. This is an appeal from the granting of defendant's motion for summary judgment in an action filed by a customer seeking to recover for injuries sustained in a fall as she was exiting from defendant's supermarket. The pleadings and plaintiff's deposition taken by the defendant constitute the record in support of the motion. The complaint alleged that as plaintiff was walking out of the store following closely behind defendant's employee who was pushing a cart containing her groceries, she stepped on a slippery candy wrapper which caused her to slip and fall; that the employee and the cart completely obscured her lower forward vision, hiding the candy wrapper from her view; that defendant knew of the presence of the candy wrapper in the doorway, and knew that it was directly in her pathway as she was making her exit.

In her deposition plaintiff testified, inter alia, that she wasn't

sure whether she stepped on the wrapper as she was exiting or whether it became stuck to her shoe inside the store; that as far as she knew, nobody knew where the wrapper came from; that if the wrapper had been inside the store rather than in the exit, she did not know how long it had been on the floor; that she was positive the wrapper was not on her shoe as she entered the store, and that she was shopping inside for approximately fifteen to thirty minutes; that the wrapper was waxed paper and was relatively clean except for candy stuck to it and a skid mark where she had slipped on it.

I concur in the result reached in the judgment of reversal of the grant of summary judgment to the defendant supermarket, but I cannot concur with what is said in the opinion to the effect that a jury question exists as to whether the injury occurred on the premises of the defendant. There are no allegations in the petition that the candy wrapper was lying on the sidewalk. Plaintiff does, in the deposition, refer to the area just outside the door as a walkway and in one instance as a sidewalk. The evidence adduced on the defendant's motion raised no such issue or contention as to whether the area was public rather than private and a part of defendant's premises, and the defendant in its brief and argument in this court clearly eliminated any such issue when it stated: "Appellee [defendant] agrees that appellant [plaintiff] was an invitee in its store at any time she entered it for the purchase of groceries. This status would continue to the point at which appellant alleges she was injured." What controls the result in this case is the following ruling: "On motion for summary judgment by a defendant on the ground that plaintiff has no valid claim, the defendant, as the moving party, has the burden of producing evidence, of the necessary certitude, which negatives the opposing party's (plaintiff's) claim. This is true because the burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment, whether he or his opponent would at trial have the burden of proof on the issue concerned; and rests on him whether he is by it required to show the existence or nonexistence of facts." 6 Moore's Federal Practice, par. 56.15[3], pp. 2342-2343 (2d Ed. 1966). Accord: *Colonial Stores, Inc. v. Turner,* 117 Ga. App. 331, 333 (160 SE2d 672); *Lanier v. Krzywicki,* 118

Ga. App. 54, 55 (162 SE2d 839); *Sanfrantello v. Sears, Roebuck & Co.,* 118 Ga. App. 205, 206 (163 SE2d 256); *Herrington v. Stone Mountain Memorial Assn.,* 119 Ga. App. 658, 661 (168 SE2d 633); *Whisenhunt v. Allen Parker Co.,* 119 Ga. App. 813, 819 (168 SE2d 827); *Wood v. Brunswick Pulp &c. Co.,* 119 Ga. App. 880, 881 (169 SE2d 403); *D. H. Overmyer Co. v. Joe Summers Roofing Co.,* 120 Ga. App. 188, 189 (169 SE2d 821); *Werbin & Tenenbaum v. Heard,* 121 Ga. App. 147 (2) (173 SE2d 114). "The defendant, having made the motion for summary judgment, must produce evidence which conclusively negates at least one essential element entitling plaintiff to a recovery under every theory fairly drawn from the pleadings and the evidence . . . The grant of a summary judgment may be improper where, at the trial, the grant of a directed verdict may be proper, when the party making the motion for summary judgment is not required to carry the burden on the trial of the case. [Citations omitted]." *Werbin & Tenenbaum v. Heard,* 121 Ga. App. 147 (2, 3) supra. See also my dissent in *Brown v. J. C. Penney Co.,* 123 Ga. App. 233 (180 SE2d 364).

The defendant in its motion for summary judgment "in order to pierce the pleadings" must affirmatively prove (1) the paper wrapper *did not* get on plaintiff's foot in its store, and if it did, (2) it had no actual notice it was there and (3) the wrapper was *not* on the floor a sufficient length of time to give notice to the defendant. While plaintiff's testimony may not prove the paper wrapper *did* get on plaintiff's foot in the store and may not prove it *was* there a sufficient length of time to give notice, neither does it prove the paper wrapper *was not* in the store or that the paper wrapper *was not* there a sufficient length of time to give notice; which latter proof is necessary in order for the defendant to disprove some essential element of the plaintiff's case.