35178. EAST LANDS, INC. v. FLOYD COUNTY et al.

MARSHALL, Justice.

The plaintiff, East Lands, Inc., attacks as unconstitutional a zoning ordinance of the Floyd County Board of Commissioners. This zoning ordinance prohibits the plaintiff's optionee from constructing an apartment complex on a tract of land in unincorporated Floyd County. The superior court upheld the validity of the board's zoning decision. The plaintiff appeals.

In 1972, East Lands purchased for $350,000 approximately 120 acres of land in Floyd County. East Lands formulated a plan to develop this tract of land for single family, residential, condominium, apartment, and commercial uses. East Lands has expended approximately $180,000 for engineering, grading, paving, landscaping, and for installing storm drains, gutters, and curbs. In February of 1978, East Lands granted John Laing America, Inc., an option to purchase a 15-acre tract of this property, conditional on John Laing's being able to erect an apartment complex on the property. John Laing has expended approximately $31,000 in developing the property. However, Laing has done nothing to alter the land itself; nor has Laing made application for a building permit.[1]

---

[1]Although the question has not been presented in this state (see 16 Ga. State Bar Journal 46, Zoning

This 15-acre tract lies in Land Lot 328, 23rd Dist., 3rd Section, which is in the unincorporated area of Floyd County. In October of 1978, various owners of property in the vicinity of the proposed apartment complex site petitioned the board of commissioners to zone Land Lot 328, 23rd Dist., 3rd Section so as to prohibit construction of the apartment complex. The matter was referred to the Rome-Floyd County Planning Commission, and the planning commission recommended that the zoning request be denied. However, the board of commissioners voted to grant the zoning request. The board voted to zone Land Lot 328, 23rd Dist., 3rd Section "R-A" (low density residential). *Held:* We reverse.

The board of commissioners' decision to zone this tract of land was arbitrary and discriminatory and for these reasons invalid. " 'Zoning ordinances not only must be non-discriminatory and reasonable, but must be applied in a nondiscriminatory and reasonable manner ... [Cits.]' " *Tuggle v. Manning,* 224 Ga. 29, 32 (159 SE2d 703) (1968); *Hopping v. Cobb County Fair Assn.,* 222 Ga. 704, 705 (152 SE2d 356) (1966). Only two percent of the unincorporated area of Floyd County is under any kind of zoning restrictions whatsoever. There is evidence that the board of commissioners takes action to zone property in this area only when someone files a zoning petition. By statute, where cities and counties engage in the exercise of their zoning powers, the zoning must be done "in accor-

---

Amendments-Vested Rights and Retroactivity (1979)), other jurisdictions are uniformly of the view that a property owner must at least make an application for a building permit in order to vest rights under a particular zoning scheme. See generally 49 ALR3d 13; 50 ALR3d 596; 138 ALR 500. A few states have recognized a need for statutory protection for landowners who make large investments toward developing property before applying for a building permit. See Sandler v. Bd. of Adjustment, 113 N.J. Super. 333 (273 A2d 775) (1971); Harris v. Planning Commission of Ridgefield, 151 Conn. 95 (193 A2d 499) (1963); Smith v. Bd. of Appeals, 339 Mass. 399 (159 NE2d 324) (1959).

dance with a comprehensive plan." Code Ann. § 69-1207.[2] The zoning in this case, which is akin to spot zoning,[3] violates this statute.

The appellees argue, however, that Code Ann. § 69-1208 (Ga. L. 1957, pp. 420, 426) gives counties and municipalities the power to "spot zone." In pertinent part, Code Ann. § 69-1208 provides, "Whenever the municipal planning commission, the county planning commission, or the municipal-county planning commission makes and certifies to its governing authority or authorities a zoning plan, including both the full text of the recommended zoning ordinance or resolution or both and the maps, for the entire area of the municipality or for the entire unincorporated area of the county or for any militia district or land lot . . . *then the governing authority of the municipality or county may exercise the powers granted to*

---

[2] The zoning-enabling legislation of a majority of states contains the requirement that zoning regulations be made in accordance with a comprehensive plan of development. See 82 AmJur2d 498, Zoning and Planning, § 68. This requirement is intended to avoid arbitrary, unreasonable or discriminatory use of zoning power, and to avoid ad hoc determinations of land utilizations on a lot-by-lot basis.

[3] "Spot zoning" is perhaps most commonly defined as "the process of singling out a small parcel of land for a use classification totally different from that of the surrounding area, for the benefit of the owner of such property and to the detriment of other owners, 'spot zoning' is the very antithesis of planned zoning." Jones v. Zoning Bd. of Adjustment, 32 N.J. Super. 397 (108 A2d 498, 502) (1954); 1 Anderson, American Law of Zoning 2d 286, 287, § 5.08 (1976). Where a single property is zoned more restrictively, rather than more permissively, than other properties in the same area, courts have struck down the zoning on the ground of arbitrariness and discrimination. See City and County of Denver v. Denver Buick, 347 P2d 919 (1959); Kissinger v. City of Los Angeles, 327 P2d 10 (1959). 2 Rathkopf, The Law of Zoning and Planning 26-4, § 26.02 n. 6 (4th Ed.).

*them in Section 69-1207 and, for the purposes therein mentioned,* may divide the municipality or county or above specified portions of county into districts of such number, shape, and size as it may determine . . ." (Emphasis supplied.) We find this statute to be inapplicable in this case for two reasons.

First, the Rome-Floyd County Planning Commission did not make and certify to the Floyd County Board of Commissioners a plan to zone Land Lot 328, 23rd District, 3rd Section, low density residential. "The method of procedure prescribed in the passage of an ordinance or resolution by county or municipal authorities, to whom authority to legislate has been delegated by statute or charter, must be strictly followed. Unless the ordinance or resolution is adopted in compliance with the conditions and directions given, it will have no force." *Toomey v. Norwood Realty Co.,* 211 Ga. 814, 816 (89 SE2d 265) (1955).

Second, the enactment of a zoning plan for a single land lot under Code Ann. § 69-1208 must be in accordance with a comprehensive plan under Code Ann. § 69-1207 and must be designed to promote health and the general welfare, which is also required by § 69-1207.

It is uniformly recognized in other jurisdictions that the touchstone for determining whether the zoning of a given piece of property in a manner different than the property surrounding it constitutes illegal spot zoning, is whether such zoning is arbitrary or whether it is done in accordance with a comprehensive plan. "The term 'spot zoning' is used by the courts to describe a zoning amendment which is invalid because it is not in accordance with a comprehensive or well-considered plan." 1 Anderson, American Law of Zoning 2d 286, § 5.08 (1976). "The uniform rule as set out in all of the cases is that consistency between the treatment accorded the parcel rezoned and the scheme of zoning set out in the general or comprehensive plan is the essential test." 2 Rathkopf, The Law of Zoning and Planning 26-5, § 26.03 (4th Ed.). "It is generally agreed that zoning enactments creating a small area within the limits of a zone, within which are permitted uses different from or inconsistent with those permitted in the larger area, are not necessarily invalid, but that the validity or invalidity of

such an enactment depends on the circumstances involved in the particular case . . . it has been frequently stated, and it is generally recognized, that a 'spot zoning' ordinance (using the term in its descriptive sense) can be justified only when it is in accordance with a comprehensive plan of zoning which is designed to promote the general welfare, or other statutory objectives. Similarly, it has been stated or recognized that there is no 'spot zoning,' using that term as a label of invalidity, when a zoning ordinance giving a different classification to a small area than to the surrounding area is in accordance with a comprehensive plan designed to promote the general welfare." 82 AmJur2d 515-516, Zoning and Planning, § 76 (1976).

To the extent that *Bible v. Marra,* 226 Ga. 154 (6) (173 SE2d 346) (1970) and *Agnew v. Cruce,* 224 Ga. 216 (1) (160 SE2d 585) (1968) hold that Ga. L. 1957, p. 420 et seq., grants to counties and municipalities the unlimited authority to spot zone, these cases are overruled. Cf. *Orr v. Hapeville Realty Invest. Co.,* 211 Ga. 235 (85 SE2d 20) (1954); *Hardin v. Croft,* 207 Ga. 115 (60 SE2d 395) (1950); *Snow v. Johnston,* 197 Ga. 146 (28 SE2d 270) (1943). *Crawford v. Brewster,* 225 Ga. 404 (4) (169 SE2d 317) (1969) and *Vulcan Materials Co. v. Griffith,* 215 Ga. 811 (114 SE2d 29) (1960), which rejected spot-zoning arguments on the ground that these were matters to be determined by the local governing authorities and not the courts, were at least impliedly overruled by *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975) and are expressly overruled now.

Ga. L. 1957, p. 420 et seq., is intended to give local governing authorities the leeway to engage in creativity and flexibility in the zoning process. It should not be read as a license to discriminate.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1979 — DECIDED OCTOBER 16, 1979 — REHEARING DENIED NOVEMBER 26, 1979.

*Wright, Walther & Morgan, Robert G. Walther,* for appellant.

*Frank H. Jones, Ronald G. Shedd,* for appellees.