## A89A2340. BROOKS v. KROGER COMPANY.
### (390 SE2d 280)

POPE, Judge.

This is an appeal from the grant of summary judgment to defendant The Kroger Company (Kroger) in this slip and fall case. Plaintiff Brooks slipped upon a broken egg in the aisle of Kroger's store and fell. In an affidavit, Kerry Willis, a Kroger employee, testified that he had been working in the dairy aisle 10 to 15 minutes before Brooks fell and that there was no broken egg or other foreign substance on the floor of the aisle at that time and that he did not know about the broken egg until he saw Brooks after she fell. He also averred that Kroger employees frequently checked the aisle for foreign substances.

1. " 'There are two different classes of (premises liability) cases which may be based on constructive knowledge. The first is that type where liability of the defendant is based on the fact that an employee of the defendant was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard. (Cits.) . . . The second type of case is that based on the duty of the defendant to exercise reasonable care in inspecting and keeping the premises in safe condition. (Cit.) To sustain plaintiff's cause of action in the latter case it is necessary that he prove "a period of time the dangerous condition has been allowed to exist. Without such (proof) it would not be possible to determine whether the defendant had been afforded a reasonable time within which to inspect and remove the hazard." (Cit.)' *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342, 345 (226 SE2d 142) (1976)." *Queen v. Kroger Co.*, 191 Ga. App. 249, 249-250 (381 SE2d 413) (1989). "It is well settled that a proprietor is under no duty to patrol the premises continuously in the absence of facts showing that the premises are unusually dangerous. [Cits.] Where it appears a foreign object had 'not been present for more than 10 to 15 minutes, the allegations show no actionable negligence on the part of the proprietor in failing to discover it.' [Cit.]" *Mazur v. Food Giant*, 183 Ga. App. 453, 453-454 (359 SE2d 178) (1987). In the present case, there is no evidence of actual knowledge by Kroger of the hazard and the trial court correctly concluded that Kroger had pierced Brooks' allegations regarding constructive notice.

2. Brooks argues that summary judgment is not warranted because the store manager offered to pay her medical bills and told her the accident was Kroger's fault. In her deposition, Brooks testified first that she called the manager three days after the fall and that he told her to see a doctor and that Kroger would pay the bills. Later in the deposition, Brooks said the manager had called her. Brooks argues that the manager's statements are admissions against interest which are part of the res gestae and should be imputable to Kroger.

"[OCGA § 24-3-33] states: 'The admissions by an agent or attorney in fact, during the existence, and in pursuance of his agency, shall be admissible against the principal.' [OCGA § 10-6-64] states: 'The agent shall be a competent witness either for or against his principal. His interest shall go to his credit. The declarations of the agent as to the business transacted by him shall not be admissible against his principal, unless they were a part of the negotiation, and constituting the res gestae, or else the agent is dead.' The Code sections must be construed together, and the second effectively limits the scope of the first. [Cit.]" *Southern R. Co. v. Allen*, 118 Ga. App. 645, 646 (165 SE2d 194) (1968). "The declaration of an employee tending to admit negligence which would be imputable to his employer made to an investigating police officer 45 minutes after the collision is not a part of the res gestae. Nor is it admissible in evidence as an admission against interest inasmuch as the employee is not a party to the litigation. [Cits.]" *Rutland v. Fuels, Inc.*, 135 Ga. App. 143, 145 (3) (217 SE2d 167) (1975). Obviously, a declaration made three days after the fact, as in the present case, would not be part of the res gestae. Nor is the store manager a party to this litigation. It follows that the statements are not admissible. Although in her brief Brooks argues that the store manager made the statements at the time of her fall, no such evidence exists in the record. "We cannot consider facts, related by briefs, which do not appear in the record sent up from the clerk of the lower court. [Cit.]" *Garrison v. Dept. of Human Resources*, 184 Ga. App. 449 (361 SE2d 860) (1987). The trial court's grant of summary judgment was proper.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JANUARY 10, 1990.

*Robert M. Ray, Jr.*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde, Kent T. Stair*, for appellee.