## A96A2026. WILLIAMS v. CITY OF SOCIAL CIRCLE.
### (484 SE2d 687)

RUFFIN, Judge.

Kathy Williams sued the City of Social Circle for injuries she sustained when she fell on a sidewalk located within the city limits. The city answered, denying it had any duty to maintain the sidewalk, and moved for summary judgment on the ground that it was relieved of liability under OCGA § 32-4-93 (b). The trial court granted the city's motion, and Williams appeals. We affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving

party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991).

In this case, Williams alleged that the city negligently maintained the sidewalk and that this caused her to trip and fall. In its answer, the city asserted that it did not own the property on which the sidewalk is located and denied it had any responsibility for maintaining the sidewalk. In support of its motion for summary judgment, the city presented affidavits from its mayor, city clerk, and utilities superintendent. The city clerk and the utilities superintendent stated in their affidavits that the sidewalk on which Williams fell lies within the state's right-of-way for State Highway 11. All three city officials further stated that the city did not maintain the subject sidewalk.

In response to the city's motion for summary judgment, Williams pointed to evidence purportedly showing that the city admitted liability for her injuries. Specifically, Williams points to the deposition testimony of Anna Stewart, a claims manager investigating Williams' claim on behalf of a business fronting the sidewalk where Williams fell. In her deposition, Stewart testified that when she contacted the city clerk about the claim, the clerk informed her that the accident happened on the city's property and that the city accepted responsibility for the accident. Williams contends that the city clerk's admission of liability creates a jury question concerning whether the city was obligated to maintain the sidewalk. We disagree.

To prevail on her negligence claim, Williams must show that the city had " '[a] duty, or obligation, recognized by law, requiring [it] to conform to a certain standard of conduct, for the protection of others against unreasonable risks.' " *Lau's Corp.,* supra at 492. Under OCGA § 32-4-93 (a), a city is generally obligated to maintain the roads of its municipal street system. A city is similarly obligated to maintain those portions of the state highway system lying within its corporate limits if the city has "constructed or agreed to perform the necessary maintenance of such road[s]." OCGA § 32-4-93 (b). This obligation also applies to public sidewalks. See *Rischack v. City of Perry,* 223 Ga. App. 856, 858 (2) (479 SE2d 163) (1996); *Snow v. Johnston,* 197 Ga. 146, 155 (4) (28 SE2d 270) (1943) (overruled on other grounds); *East Lands, Inc. v. Floyd County,* 244 Ga. 761, 765 (262 SE2d 51) (1979)); *Nathan v. Oakland Park Supermarket,* 123 Ga. App. 591 (181 SE2d 868) (1971).

Keeping in mind that the city was not under a burden to affirmatively disprove Williams' case, but only to show that there is no evidence on at least one essential element, our review of the record supports the city's claim that there is no evidence it had any duty to maintain the sidewalk. The only evidence purporting to establish

such a duty was the city clerk's alleged statements that the city was obligated to maintain the sidewalk and that it accepted responsibility for Williams' injuries. Such admissions, however, are hearsay, and Williams has not shown that they are admissible under any recognized exception to the rule against hearsay. See OCGA § 24-3-1.

Williams' attempts to establish that the admissions are admissible under OCGA §§ 24-3-33 and 10-6-64 are without merit. OCGA § 24-3-33 provides: "Admissions by an agent or attorney in fact, during the existence and in pursuance of his agency, shall be admissible against the principal." OCGA § 10-6-64 provides: "The agent shall be a competent witness either for or against his principal. His interest shall go to his credit. The declarations of the agent as to the business transacted by him *shall not be admissible against his principal unless* they were a part of the negotiation *constituting the res gestae*, or else the agent is dead." (Emphasis supplied.) " 'The Code sections must be construed together, and the second effectively limits the scope of the first. (Cit.)' [Cit.]" *Brooks v. Kroger Co.*, 194 Ga. App. 215, 216 (2) (390 SE2d 280) (1990).

The city clerk's admissions in this case were not part of the res gestae. According to the record, Williams' accident occurred on December 7, 1992. The city clerk's declarations concerning ownership and liability, however, were not made until August 4, 1993. In *Brooks*, we held that declarations made three days after the accident would not be part of the res gestae. Id. "Obviously, a declaration made [approximately eight months] after the fact, as in the present case, would not be part of the res gestae." Id.

Similarly, Williams has not shown, as the dissent concludes, that the declarations were admissible because they were made by the city clerk with reference to the act in controversy and during the performance of her duties for the city. We note initially, that *Baker v. Lowe Elec. Co.*, 47 Ga. App. 259 (170 SE 337) (1933) is physical precedent only. Furthermore, the rule stated by the dissent in its quote of headnote 2 of the opinion is incomplete. Although it is true that such admission by an agent is admissible against the principal, *it must be shown that the agent spoke " 'with competent authority.' "* (Emphasis in original.) Id. at 263. Where the declarant is an ordinary agent or servant, there is no presumption that such authority exists. Id. It is only where (1) the agent can be considered the alter ego of the principal (such as a corporation's president), and (2) the agent speaks while in the due performance of his official duties relating to the transaction involved, that such admissions, "will be taken as being made by the corporation itself." Id. at 263-264.

Unlike a corporation's president, the city clerk in this case cannot be considered the alter ego of the city. Furthermore, although Williams has shown that the city clerk made the admissions during

the existence and in pursuance of her agency, she has not shown that the clerk was " 'acting within the scope of [her] authority. . . .' " *Gordon v. Athens Convalescent Center,* 146 Ga. App. 134, 135 (1) (245 SE2d 484) (1978). Without any such evidence, Williams has not established the hearsay declarations upon which she relies, "were admissible under any recognized exception to the rule against hearsay. [Cit.]" *Simmons v. State,* 266 Ga. 223, 227 (4) (466 SE2d 205) (1996).

Accordingly, Williams was required to point to some other specific, *admissible* evidence creating a genuine issue of fact as to the city's duty to maintain the sidewalk. This she failed to do. Under these circumstances, the trial court properly granted summary judgment to the city. See *Brooks,* supra.

*Judgment affirmed. Andrews, C. J., Birdsong, P. J., Pope, P. J., Beasley, Johnson, Blackburn and Smith, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent. " 'A corporation can only make admissions through its agents, and the admissions of such agents acting within the scope of their powers and about the business of their agency, are admissible.' *Imboden v. Etowah & Battle Branch Mining Co.,* 70 Ga. 86 (11). See *Code* §§ 38-406[, now OCGA § 24-3-33], 4-315[, now OCGA § 10-6-64]." *Timeplan Loan &c. Corp. v. Moorehead,* 221 Ga. 648, 649 (1), 650 (146 SE2d 748). Accord *Coffee Butler Svc. v. Sacha,* 208 Ga. App. 4 (430 SE2d 149). In light of the Supreme Court of Georgia's application of these two Code sections, it is my view that Anna Stewart, Casualty Claims Manager for Insurance Adjustment Services, Inc., may testify "Anne Peppers, the City Administrator of Social Circle, told us that they had accepted responsibility for the accident and they had turned it over to the Georgia Municipal Association." This evidence is admissible to estop the defendant municipal corporation from denying it accepted responsibility for any liability to plaintiff Kathy E. Williams for her painful injuries. The res gestae requirement is fulfilled by the circumstance that Anne Peppers (allegedly) made this statement in her capacity as the City's spokesperson to the City's agent for investigating the accident, while addressing the substance of that investigation. It is not the proximity to plaintiff's fall that determines whether Anne Peppers' (alleged) admission against the City's interest is within the res gestae but its proximity to the *investigation* of the resulting tort claim which Anne Peppers ordered undertaken on behalf of the City. The relevancy of such testimony "rests on the theory that what he[, the agent,] does and says dum fervet opus, — that is, with reference to the act in controversy and while engaged in its performance, — is a part of the res

gestae of the transaction and constitutes part of and throws light upon what the principal himself actually does." *Baker v. Lowe Elec. Co.*, 47 Ga. App. 259 (hn. 2) (170 SE 337). Since, in the case sub judice, the defendant municipality has not established the nonexistence of every material fact question, I respectfully dissent from the affirmance of summary judgment.

DECIDED MARCH 7, 1997 —
RECONSIDERATION DENIED MARCH 27, 1997.

*David R. Hughes, E. Graydon Shuford*, for appellant.
*Carothers & Mitchell, Richard A. Carothers, Thomas M. Mitchell*, for appellee.