A07A0952. HARRIS et al. v. INN OF LAKE CITY.
(647 SE2d 277)

BLACKBURN, Presiding Judge.

In this premises liability suit, Patricia Harris and Billy Carter appeal the grant of summary judgment to Inn of Lake City d/b/a King and Prince Beach & Golf Resort (the "Resort"), contending (1) that the trial court erred in ruling that the steps where they fell were not an "approach" to the Resort's property, and (2) that material issues of fact exist as to whether the Resort nevertheless maintained or had knowledge of the dangerous condition of the steps. Finding no error, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

522

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the record shows that, in October 2001, upon arriving as guests at the Resort at approximately 8:30 p.m., Harris and Carter asked the front desk staff for directions to the beach. The Resort's staff directed Harris and Carter to a gate off the Resort's pool area that led to a path and a set of wooden stairs descending to the beach.

As Harris and Carter descended the stairs, they stepped off the last available step into a deep hole full of water, in which they were totally submerged. Surprised, they struggled out of the hole, regained composure, and reported the incident to the Resort. Carter stated in his deposition that at least one of the bottom steps was missing. As a result of the fall, both Harris and Carter were injured, and they filed a premises liability suit against the Resort seeking damages.

After discovery, the Resort filed a motion for summary judgment, arguing that the Resort was not liable because the stairs were on property not owned by the Resort and the Resort had no control over the stairs. The trial court granted the motion, giving rise to this appeal.

1. Harris and Carter contend that the trial court erred in failing to conclude that, although the Resort did not own the stairs, the Resort was nonetheless liable because the stairs were an "approach" to Resort property. We disagree.

Under OCGA § 51-3-1, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises *and approaches* safe." (Emphasis supplied.) In this context, the term "approach" has been defined

to mean that property directly contiguous, adjacent to, and touching those entryways to premises under the control of an owner or occupier of land, through which the owner or occupier, by express or implied invitation, has induced or led others to come upon his premises for any lawful purpose, and through which such owner or occupier could foresee a reasonable invitee would find it necessary or convenient to traverse while entering or exiting in the course of the business for which the invitation was extended. By "contiguous, adjacent to, and touching," we mean that property *within the last few steps taken by invitees*, as opposed to "mere pedestrians," as they enter or exit the premises. It is only within the confines of this limited approach that [case

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

law] imposes a duty on a landowner to exercise ordinary care over property not within the landowner's control.

(Citation and footnote omitted; emphasis supplied.) *Motel Properties v. Miller*.[2] See *Elmore of Embry Hills, Inc. v. Porcher*[3] ("approaches ... refers to the sidewalk or other approach that is directly contiguous, adjacent to, and touching the premises under control of the owner or occupier") (punctuation omitted).

Here, it is undisputed that the stairs are located on land owned by Glynn County, not the Resort. The evidence of record shows that when a person passes through the gate at the edge of the Resort property, the person steps onto the final portion of the county's paved pathway leading from the street to a short wooden walkway (over a rock erosion barrier), which connects to the wooden stairs where Harris and Carter fell. The record shows that the county owns all areas outside the Resort's gate: the paved pathway, the wooden walkway, the stairs leading to the beach, and the beach.

The plaintiffs' injuries occurred at the bottom of the stairs when they stepped from the last available step and fell into a hole in the sand, on the county-owned beach, apparently filled with tide water. At the point where their injuries occurred, the plaintiffs had passed through the Resort gate (at the Resort's property line), stepped onto the county-owned paved pathway, walked across the short wooden walkway over the rock barrier, and descended the stairs. In light of these facts, and in light of the case law construing the term "approach," we hold that the plaintiffs' injuries did not occur on an "approach" for which the Resort has a duty to maintain under OCGA § 51-3-1. The plaintiffs' injuries occurred as they stepped from the wooden stairs to the beach, not on a "sidewalk or other approach that is directly contiguous, adjacent to, and touching the premises under control of the" Resort. *Elmore of Embry Hills, Inc. v. Porcher*, supra, 124 Ga. App. at 420. Nor did the plaintiffs' injuries occur "within the last few steps taken by invitees." *Motel Properties v. Miller*, supra, 263 Ga. at 486 (2). Indeed, pedestrians passing by the resort and walking along the county-owned pathway from the street to the beach must use the same set of stairs. Therefore, based on the record before us, the trial court did not err in ruling that the Resort did not have a duty under OCGA § 51-3-1 to keep safe the stairs where plaintiffs were injured.

2. Harris and Carter also contend that the record presents material issues of fact as to (a) whether the Resort undertook to

---

[2] *Motel Properties v. Miller*, 263 Ga. 484, 486 (2) (436 SE2d 196) (1993).

[3] *Elmore of Embry Hills, Inc. v. Porcher*, 124 Ga. App. 418, 420 (183 SE2d 923) (1971).

maintain the stairs, and did so negligently, and (b) whether the Resort had prior knowledge of the dangerous condition, thereby giving rise to a duty to warn Harris and Carter of the condition of the stairs. We disagree.

(a) *Whether the Resort undertook to maintain the stairs.* Although the Resort did not have a duty to maintain the stairs under OCGA § 51-3-1, the Resort

> may be held liable for the negligent performance of a voluntary undertaking. Under this principle, one who undertakes to do an act or perform a service for another has the duty to exercise care, and is liable for injury resulting from his failure to do so, even though his undertaking is purely voluntary. . . . When one undertakes an act that he has no duty to perform and another person reasonably relies upon that undertaking, the act must generally be performed with ordinary or reasonable care. The person assuming such responsibility may be held liable for negligently performing the duties so assumed.

(Citations omitted.) *Osowski v. Smith.*[4]

Here, as evidence of the Resort's liability, Harris and Carter point to an affidavit from Harris in which she averred that (1) several Resort personnel told her that the Resort had maintained the steps, and (2) nearly four years later, when she telephoned and spoke to a specific Resort employee named "Alex," he told her that the steps were constructed and maintained by the Resort.

With respect to Harris's statement involving several unnamed employees, in similar circumstances we have prohibited plaintiffs from creating an issue of fact "by pointing to alleged statements of unknown employees who cannot be identified, located, summoned and cross-examined." (Punctuation omitted.) *Barich v. Cracker Barrel Old Country Store.*[5] We rule likewise here.

With respect to Harris's reference to an employee named "Alex" to whom she spoke four years later, to the extent that this sufficiently identifies a particular resort employee, we note that

> OCGA § 24-3-33 states: The admissions by an agent or attorney in fact, during the existence, and in pursuance of his agency, shall be admissible against the principal. OCGA § 10-6-64 states: The agent shall be a competent witness

---

[4] *Osowski v. Smith*, 262 Ga. App. 538, 540 (1) (586 SE2d 71) (2003).
[5] *Barich v. Cracker Barrel Old Country Store*, 244 Ga. App. 550, 551-552 (1) (536 SE2d 221) (2000).

either for or against his principal. His interest shall go to his credit. The declarations of the agent as to the business transacted by him *shall not be admissible against his principal, unless* they were a part of the negotiation, *and constituting the res gestae,* or else the agent is dead. The Code sections must be construed together, and the second effectively limits the scope of the first. The declaration of an employee tending to admit negligence which would be imputable to his employer made [four years after the fact] is not a part of the res gestae. Nor is it admissible in evidence as an admission against interest inasmuch as the employee is not a party to the litigation.

(Citation and punctuation omitted.) *Brooks v. Kroger Co.*[6] Accord *Wynn v. City of Warner Robins;*[7] *HCP III Woodstock, Inc. v. Healthcare Svcs. Group;*[8] *Williams v. City of Social Circle.*[9]

In contrast to Harris's nonprobative hearsay, the Resort offered affidavits from the general manager, the maintenance chief, the maintenance coordinator, and two other employees, who stated based on their personal knowledge that the county originally installed the steps, the county maintains the steps, and the Resort does not own or maintain the steps. Therefore, as Harris and Carter have not provided evidence to the contrary, the trial court did not err in finding no material issue of fact as to whether the Resort actually undertook maintenance of the stairs.

(b) *Whether the Resort had prior knowledge of the condition of the stairs.*

To support their theory that the Resort had a duty to warn Harris and Carter about the stairs, they point to Carter's deposition, in which Carter merely testified that the Resort's security guard acknowledged the condition of the stairs after the accident. Carter admitted that he did not know whether the employee had known this prior to their fall or not. Therefore, this is not sufficient to create an issue of fact. See *Dale v. Keith Built Homes*[10] ("[a]n inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility").

Harris and Carter also point to a deposition by a Resort employee stating that, to accommodate sea turtle nesting, the county has not

---

[6] *Brooks v. Kroger Co.*, 194 Ga. App. 215, 216 (2) (390 SE2d 280) (1990).

[7] *Wynn v. City of Warner Robins*, 279 Ga. App. 42, 51 (4) (630 SE2d 574) (2006).

[8] *HCP III Woodstock, Inc. v. Healthcare Svcs. Group*, 254 Ga. App. 242, 246 (562 SE2d 225) (2002).

[9] *Williams v. City of Social Circle*, 225 Ga. App. 746, 748 (484 SE2d 687) (1997).

[10] *Dale v. Keith Built Homes*, 275 Ga. App. 218, 220 (620 SE2d 455) (2005).

placed lights on the stairs. They contend that because the Resort knew the stairs were not well lit, the Resort must have known of the specific dangerous condition of the stairs on the night that Harris and Carter were injured. Such conjecture is not sufficient to create a material issue of fact. See *Dale v. Keith Built Homes*, supra, 275 Ga. App. at 220.

Harris and Carter's remaining enumerations are moot.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED MAY 10, 2007 —
RECONSIDERATION DENIED MAY 24, 2007.

*James A. Yancey, Jr.,* for appellants.

*Hall, Booth, Smith & Slover, Leslie J. Thompson, Michael G. Frick,* for appellee.